RESOLUCIÓN
En conformidad con las disposiciones del Art. V, Sec. 6, de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, este Tribunal adopta unas nuevas Reglas de Evidencia para el Tribunal General de Justicia.
Las reglas que aquí adoptamos son el producto de un intenso y abarcador proceso de revisión y estudio que co-menzó en 2006, cuando nombramos un Comité Asesor Per-manente de Reglas de Evidencia (Comité Asesor) para que evaluara las Reglas de Evidencia de acuerdo con la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, según en-mendada, 4 L.P.R.A. sec. 24 et seq. Véase In re Comité Asesor, 167 D.P.R. 1 (2006). Los trabajos de ese Comité se en-marcaron en el desarrollo de un Proyecto de Reglas de Evidencia dirigido, principalmente, a modernizar, agilizar y transformar los procedimientos judiciales. En el Comité Asesor participaron los juristas siguientes:
Hon. Luis Rivera Román, Presidente
Ledo. Ernesto L. Chiesa Aponte
Hon. Bruno Cortés Trigo
Ledo. Rolando Emmanuelli Jiménez
Ledo. Alberto Ornar Jiménez Santiago
*479 Leda. Vivian Neptune Rivera
Ledo. Ricardo Ramírez Lugo
Ledo. Francisco Rebollo Casalduc
Leda. Heidi Rodríguez Benitez
Ledo. Heriberto Sepúlveda Santiago
Ledo. Fernando Luis Torres Ramírez
Ledo. Enrique Vélez Rodríguez
El Comité Asesor concluyó su encomienda y sometió a la consideración del Tribunal su Informe de las Reglas de De-recho Probatorio (Informe), con el correspondiente Pro-yecto de Reglas de Derecho Probatorio, el 10 de abril de 2007.
Como resultado de esta gestión, y mediante Resolución de 24 de abril de 2007, el Tribunal instruyó a la Directora del Secretariado de la Conferencia Judicial y Notarial (Se-cretariado), Leda. Lilia M. Oquendo Solis, a difundir el In-forme para el examen de la comunidad jurídica y de la ciudadanía. Para cumplir con lo ordenado, este Informe se hizo accesible a la ciudadanía a través del portal electró-nico de la Rama Judicial. Posteriormente, se remitieron copias impresas y digitales a diversas entidades y sectores de la comunidad jurídica y de la sociedad, y se les solicitó que enviaran sus reacciones, comentarios y sugerencias a través del buzón electrónico del Secretariado o por escrito a su dirección postal. El Secretariado solicitó que reacciona-ran al Informe alrededor de treinta entidades, entre las que se encontraban el Departamento de Justicia de Puerto Rico, la Oficina del Procurador General, la Oficina del Fiscal General, el Colegio de Abogados de Puerto Rico, la So-ciedad para la Asistencia Legal, así como diversas faculta-des de Derecho y las Clínicas de Asistencia Legal en cada una de éstas.
Además, como parte del proceso de divulgación, se remi-tieron copias impresas y digitales del Informe a la Direc-tora Administrativa de la Oficina de Administración de los *480 Tribunales (OAT), a la Directora de la Academia Judicial, a los Jueces Administradores y las Juezas Administradoras, así como a las bibliotecas de todas las Regiones Judiciales y del Tribunal de Apelaciones, a la Oficina de Asuntos Le-gales y a la Oficina de Legislación y Reglamentos en la OAT. Como respuesta a esta divulgación, se recibieron nu-merosos y extensos comentarios y recomendaciones de abo-gados y abogadas, de miembros de la academia y de la Judicatura, así como de diversas instituciones guberna-mentales y cívicas.
Así también, en los meses subsiguientes a la entrega del Informe, varios miembros del Comité Asesor presentaron el Proyecto de Reglas de Evidencia en seminarios auspicia-dos por el Colegio de Abogados de Puerto Rico, el Departa-mento de Justicia, la Academia Judicial y las cuatro facul-tades de derecho del país.
Posteriormente, el Tribunal convocó para el 14 y 15 de febrero de 2008 a los jueces y las juezas del Tribunal General de Justicia y a las personas que son miembros de la Conferencia Judicial a la Vigésima Cuarta Sesión Ordina-ria de la Conferencia Judicial, y anunció que los trabajos de esa Conferencia se enmarcarían en la presentación de los proyectos de enmiendas a las reglas procesales en ma-teria civil, penal y derecho probatorio.
Durante la celebración de dicha Conferencia, el Comité Asesor presentó el Informe ante los miembros de la Judi-catura allí reunidos. Como parte de los trabajos de la Con-ferencia Judicial, y en coordinación con la Academia Judicial, se diseñó una sesión de trabajo dirigida exclusiva-mente a jueces y juezas de la Rama Judicial para que tra-bajaran sobre ciertos temas en cada uno de los proyectos de reglas presentados durante la Conferencia, de manera que sus reacciones se uniesen a las reacciones ya recibidas de la comunidad jurídica. Una vez completado el proceso de divulgación y concluida la Conferencia Judicial, el Secreta-riado organizó todos los comentarios recibidos y remitió a *481 este Tribunal sus recomendaciones, tomando en considera-ción las reacciones de todos los sectores consultados.
Analizado ya el proyecto y todas las recomendaciones recibidas, el Tribunal adopta las siguientes Reglas de Evi-dencia de Puerto Rico, las cuales se incluyen como parte integral de esta Resolución.
Se ordena a la Secretaria del Tribunal que, conforme al mandato del Art. V, Sec. 6, de la Constitución del Estado Libre Asociado de Puerto Rico, supra, remita estas Reglas de Evidencia de Puerto Rico para la consideración de la Asamblea Legislativa durante la presente Sesión Ordinaria.

Publíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rivera Pé-rez no está de acuerdo con la Regla 202(b)(6). En su lugar, considera que la Regla 202(a) debe incluir un inciso (3) que disponga que el Tribunal tome conocimiento judicial de “los tratados en que los Estados Unidos sea parte”.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

REGLAS DE EVIDENCIA DE PUERTO RICO
CAPÍTULO I
DISPOSICIONES GENERALES
Regla 101. Título
Estas reglas se conocerán como Reglas de Evidencia de Puerto Rico.
Regla 102. Interpretación
Las reglas se interpretarán de forma que garanticen una solución justa, rápida y económica a cualquier pro- *482 blema de derecho probatorio. El fin último de las reglas es el descubrimiento de la verdad en todos los procedimientos judiciales.
Regla 103. Aplicabilidad de las reglas
(a) Aplicabilidad al Tribunal General de Justicia
(1) Tribunal de Primera Instancia
Las reglas aplican en las Salas del Tribunal de Pri-mera Instancia.
(2) Tribunal Supremo y Tribunal de Apelaciones
Las reglas aplican en los procedimientos ante el Tribunal Supremo y el Tribunal de Apelaciones, con arre-glo a los límites establecidos en sus respectivos reglamentos.
(b) Casos civiles y penales
Las reglas aplican en todos los casos civiles y penales, excepto en los casos de desacato sumario.
(c) Privilegios y conocimiento judicial
Las reglas de privilegios y conocimiento judicial aplican en todas las etapas de los procedimientos, las acciones y los casos civiles y penales.
(d) Las reglas no aplican en:
(1) las determinaciones preliminares a la admisibi-lidad de prueba, en conformidad con la Regla 109(a);
(2) los procedimientos interlocutorios o post sen-tencia, entre otros:
(A) procedimientos relacionados con la deter-minación de causa probable para arrestar o acusar (vista preliminar) o expedir orden de registro y allanamiento;
(B) fase de la sentencia en el procedimiento penal;
(C) procedimientos relacionados con la imposi-ción de fianza o condiciones en los procedimientos penales;
(D) vistas de revocación de libertad a prueba o condicionada;
(E) procedimientos relacionados con entredi-chos provisionales e interdictos preliminares, y
(3) los procedimientos ex parte.
*483 (e) Procedimientos bajo leyes especiales
Las reglas aplican en procedimientos establecidos por leyes especiales, salvo que expresamente se disponga lo contrario o sean incompatibles con la naturaleza del proce-dimiento especial contemplado en la ley.
Regla 104. Admisión o exclusión errónea de eviden-cia
(a) Requisito de objeción
La parte perjudicada por la admisión errónea de eviden-cia debe presentar una objeción oportuna, específica y co-rrecta o una moción para que se elimine del récord eviden-cia admitida erróneamente cuando el fundamento para objetar surge con posterioridad. Si el fundamento de la ob-jeción surge claramente del contexto del ofrecimiento de la evidencia, no será necesario aludir a tal fundamento.
(b) Oferta de prueba
En el caso de exclusión errónea de prueba, la parte per-judicada deberá invocar el fundamento específico para la admisibilidad de la evidencia ofrecida y hacer una oferta de prueba de forma que surja claramente cuál es la eviden-cia que ha sido excluida y la naturaleza, propósito y perti-nencia para la cual se ofrece. No será necesario invocar tal fundamento específico ni hacer la oferta de prueba cuando resultan evidentes del contexto del ofrecimiento.
El tribunal permitirá la oferta de prueba y determinará si debe hacerse mediante un resumen de la evidencia ofre-cida o el interrogatorio correspondiente. El tribunal podrá añadir cualquier manifestación que demuestre el carácter de la evidencia, la forma en que fue ofrecida, la objeción a su admisión y la resolución sobre la exclusión.
(c) Objeción u oferta de prueba continua
Una vez el tribunal dicta una resolución definitiva en el récord para admitir o excluir prueba, ya sea antes o du-rante el juicio, una parte no tiene que renovar una objeción u oferta de prueba para conservar su derecho a plantear el asunto en apelación.
*484 (d) Casos por Jurado
En los casos por Jurado, los procedimientos se llevarán a cabo de tal forma que se evite que la evidencia inadmisi-ble sea sugerida al Jurado mediante preguntas, asevera-ciones u ofertas de prueba.
Regla 105. Efecto de error en la admisión o exclu-sión de evidencia
(a) Regla general
No se dejará sin efecto una determinación de admisión o exclusión errónea de evidencia ni se revocará por ello sen-tencia o decisión alguna, a menos que:
(1) la parte perjudicada con la admisión o exclusión de evidencia hubiese satisfecho los requisitos de objeción, fundamento u oferta de prueba establecidos en la Regla 104 y
(2) el tribunal que considera el señalamiento es-time que la evidencia admitida o excluida fue un factor decisivo o sustancial en la sentencia emitida o decisión cuya revocación se solicita.
(b) Error constitucional
Si el error en la admisión o exclusión de evidencia cons-tituye una violación a un derecho constitucional de la persona acusada, el tribunal apelativo sólo confirmará la de-cisión si está convencido, más allá de duda razonable, que de no haberse cometido el error, el resultado hubiera sido el mismo.
Regla 106. Error extraordinario
Un tribunal apelativo podrá considerar un señala-miento de error de admisión o exclusión de evidencia y revocar una sentencia o decisión, aun cuando la parte que hace el señalamiento no hubiera satisfecho los requisitos establecidos en la Regla 104, si:
(a) el error fue craso, ya que no cabe duda de que fue cometido,
(b) el error fue peijudicial porque tuvo un efecto deci- *485 sivo o sustancial en la sentencia o decisión cuya revocación se solicita, y
(c) el no corregirlo resulte en un fracaso de la justicia.
Regla 107. Admisibilidad limitada
Cuando determinada evidencia sea admisible en cuanto a una parte o para un propósito, y sea inadmisible en cuanto a otra parte o para otro propósito, el tribunal, pre-via solicitud al efecto, limitará la admisibilidad de esa evi-dencia a su alcance apropiado e instruirá inmediatamente sobre ello al Jurado, de haberlo.
Regla 108. Evidencia relacionada con lo ofrecido
Cuando un escrito, grabación o filmación, o parte de éste, es presentado como evidencia por una parte, la parte contraria puede requerir que en ese momento se presente la totalidad del escrito, grabación o filmación presentado parcialmente. Puede igualmente requerir cualquier otro escrito, grabación o filmación que deba ser presentado con-temporáneamente para la más cabal comprensión del asunto. No se admitirá prueba inadmisible de otra ma-nera, bajo el pretexto de la presentación de la totalidad del escrito, grabación o filmación.
Regla 109. Determinaciones preliminares a la ad-misibilidad de evidencia
(a) Admisibilidad en general
Las cuestiones preliminares en relación con la capaci-dad de una persona para ser testigo, la existencia de un privilegio o la admisibilidad de evidencia serán determina-das por el tribunal, salvo lo dispuesto en el inciso (b) de esta regla. Al hacer tales determinaciones, el tribunal no queda obligado por las Reglas de Derecho Probatorio, ex-cepto por las relativas a privilegios.
(b) Pertinencia condicionada a los hechos
Cuando la pertinencia de una evidencia ofrecida de- *486 pende de que se satisfaga una condición de hecho, el tribunal la admitirá al presentarse evidencia suficiente para sostener la conclusión de que la condición ha sido satisfecha. El tribunal puede también admitir la evidencia si posteriormente se presenta evidencia suficiente para sostener la conclusión de que la condición ha sido satisfecha.
(c) Determinaciones en ausencia del Jurado cuando me-die la confesión de la persona acusada
En casos ventilados ante Jurado, toda la evidencia rela-tiva a la admisibilidad de una confesión de la persona acu-sada será escuchada y evaluada por la jueza o el juez en ausencia del Jurado. Si la jueza o el juez determina que la confesión es admisible, la persona acusada podrá presen-tar al Jurado, y el Ministerio Público podrá refutar, la evi-dencia pertinente relativa al peso o credibilidad de la con-fesión y a las circunstancias bajo las cuales la confesión fue obtenida. Otras determinaciones preliminares a la admisi-bilidad de evidencia también podrán considerarse en au-sencia del Jurado cuando los intereses de la justicia así lo determinen o cuando la persona acusada sea un testigo que así lo solicite.
(d) Testimonio de la persona acusada en determinacio-nes preliminares
La persona acusada que testifica en torno a una cues-tión preliminar a la admisibilidad de evidencia no queda por ello sujeta a contrainterrogatorio en cuanto a otros asuntos del caso. La declaración de una persona acusada sobre el asunto preliminar no es admisible en su contra, salvo para propósitos de su impugnación.
(E) Valor probatorio y credibilidad
Esta regla no limita el derecho de las partes a presentar evidencia ante el Jurado que sea pertinente al valor proba-torio o a la credibilidad de la evidencia admitida luego de la correspondiente determinación preliminar del tribunal.
*487 Regla 110. Evaluación y suficiencia de la prueba
La juzgadora o el juzgador de hechos deberá evaluar la evidencia presentada con el propósito de determinar cuáles hechos han quedado establecidos o demostrados, con suje-ción a los principios siguientes:
(a) El peso de la prueba recae sobre la parte que resul-taría vencida de no presentarse evidencia por alguna de las partes.
(b) La obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en el asunto en controversia.
(c) Para establecer un hecho, no se exige aquel grado de prueba que, excluyendo la posibilidad de error, produzca absoluta certeza.
(d) La evidencia directa de una persona testigo que me-rezca entero crédito es prueba suficiente de cualquier he-cho, salvo que otra cosa se disponga por ley.
(e) La juzgadora o el juzgador de hechos no tiene la obli-gación de decidir de acuerdo con las declaraciones de cual-quier cantidad de testigos que no le convenzan contra un número menor u otra evidencia que le resulte más convincente.
(f) En los casos civiles, la decisión de la juzgadora o del juzgador se hará mediante la preponderancia de la prueba a base de los criterios de probabilidad, a menos que exista urna disposición al contrario. En los casos criminales, la culpabilidad de la persona acusada debe ser establecida más allá de duda razonable.
(g) Cuando pareciese que una parte, teniendo disponi-ble una prueba más firme y satisfactoria, ofrece una más débil y menos satisfactoria, la evidencia ofrecida deberá considerarse con sospecha.
(h) Cualquier hecho en controversia es susceptible de ser demostrado mediante evidencia directa o mediante evi-dencia indirecta o circunstancial. Evidencia directa es aquella que prueba el hecho en controversia sin que medie *488 inferencia o presunción alguna y que, de ser cierta, de-muestra el hecho de modo concluyente. Evidencia indirecta o circunstancial es aquella que tiende a demostrar el hecho en controversia probando otro distinto, del cual por sí o en unión a otros hechos ya establecidos, puede razonable-mente inferirse el hecho en controversia.
CAPÍTULO II
CONOCIMIENTO JUDICIAL
Regla 201. Conocimiento judicial de hechos adjudi-cativos
(a) Esta regla aplica solamente al conocimiento judicial de hechos adjudicativos.
(b) El tribunal podrá tomar conocimiento judicial sola-mente de aquel hecho adjudicativo que no esté sujeto a controversia razonable, porque:
(1) es de conocimiento general dentro de la jurisdic-ción territorial del tribunal o
(2) es susceptible de corroboración inmediata y exacta mediante fuentes cuya exactitud no puede ser razo-nablemente cuestionada.
(c) El tribunal podrá tomar conocimiento judicial a ini-ciativa propia o a solicitud de parte. Si es a solicitud de parte y ésta provee información suficiente para ello, el tribunal tomará conocimiento judicial.
(d) Las partes tendrán derecho a ser oídas en torno a si procede tomar conocimiento judicial. De no haber sido no-tificada oportunamente por el tribunal o por la parte pro-movente, la parte afectada podrá solicitar la oportunidad de ser oída luego de que se haya tomado conocimiento judicial.
(e) El tribunal podrá tomar conocimiento judicial en cualquier etapa de los procedimientos, incluso en la apelativa.
(f) En casos criminales ante Jurado, la jueza o el juez *489 instruirá a las personas miembros del Jurado de que deben aceptar como concluyente cualquier hecho del cual haya sido tomado conocimiento judicial.
Regla 202. Conocimiento judicial de asuntos de de-recho
(a) El tribunal tomará conocimiento judicial de:
(1) la Constitución y las leyes del Estado Libre Aso-ciado de Puerto Rico y
(2) la Constitución y las leyes de Estados Unidos de América.
(b) El tribunal podrá tomar conocimiento judicial de:
(1) las reglas y los reglamentos de Estados Unidos de América,
(2) las leyes y los reglamentos de los estados y te-rritorios de Estados Unidos de América,
(3) las ordenanzas aprobadas por los municipios del Estado Libre Asociado de Puerto Rico,
(4) las reglas y los reglamentos del Estado Libre Asociado de Puerto Rico,
(5) las opiniones emitidas por el Secretario de Jus-ticia, y
(6) los tratados en los que Estados Unidos de Amé-rica sea parte y apliquen a Puerto Rico.
CAPÍTULO III
PRESUNCIONES
Regla 301. Presunción — Definiciones
(a) Una presunción es una deducción de un hecho que la ley autoriza a hacer o requiere que se haga de otro hecho o grupo de hechos previamente establecidos en la acción. A ese hecho o grupo de hechos previamente establecidos se les denomina hecho básico. Al hecho deducido mediante la presunción se le denomina hecho presumido.
(b) La presunción es incontrovertible cuando la ley no *490 permite presentar evidencia para destruirla o rebatirla; es decir, para demostrar la inexistencia del hecho presumido. El resto de las presunciones se denominan controvertibles.
(c) Este capítulo se refiere sólo a presunciones controvertibles.
Regla 302. Efecto de las presunciones en casos civi-les
En una acción civil, una presunción impone a la parte contra la cual se establece la presunción el peso de la prueba para demostrar la inexistencia del hecho presumido. Si la parte contra la cual se establece la pre-sunción no ofrece evidencia para demostrar la inexistencia del hecho presumido, la juzgadora o el juzgador debe acep-tar la existencia de tal hecho. Si se presenta evidencia en apoyo de la determinación de la inexistencia de tal hecho, la parte que interesa rebatir la presunción debe persuadir a quien juzga de que es más probable la inexistencia que la existencia del hecho presumido.
Regla 303. Efecto de las presunciones en casos cri-minales
Cuando en una acción criminal la presunción perjudica a la persona acusada, tiene el efecto de permitir a la juz-gadora o al juzgador inferir el hecho presumido si no se presenta evidencia alguna para refutarlo. Si de la prueba presentada surge duda razonable sobre el hecho presu-mido, la presunción queda derrotada. La presunción no tendrá efecto alguno de variar el peso de la prueba sobre los elementos del delito o de refutar una defensa de la persona acusada.
(a) Cuando beneficia a la persona acusada, la presun-ción tendrá el mismo efecto que lo establecido en la Regla 302.
(b) Al instruir al Jurado sobre el efecto de una presun-ción contra la persona acusada, la jueza o el juez deberá hacer constar que:
*491 (1) basta que la persona acusada produzca duda ra-zonable sobre el hecho presumido para derrotar la presun-ción, y
(2) el Jurado no estará obligado a deducir el hecho presumido, aun cuando la persona acusada no produjera evidencia en contrario. Sin embargo, se instruirá al Jurado en cuanto a que puede deducir o inferir el hecho presumido si considera establecido el hecho básico.
Regla 304. Presunciones específicas
Las presunciones son aquellas establecidas por ley o por decisiones judiciales. Entre las presunciones controverti-bles se reconocen las siguientes:
(1) Una persona es inocente de delito o falta.
(2) Todo acto ilegal fue cometido con intención ilegal.
(3) Toda persona intenta la consecuencia ordinaria de un acto cometido por ella voluntariamente.
(4) Toda persona cuida de sus propios asuntos con celo ordinario.
(5) Toda evidencia voluntariamente suprimida resul-tará adversa si se ofreciese.
(6) Todo dinero entregado por una persona a otra se debía a ésta.
(7) Toda cosa entregada por una persona a otra perte-necía a ésta.
(8) Una obligación entregada a quien es la parte deu-dora ha sido satisfecha.
(9) Las rentas o pagos anteriores fueron satisfechos, cuando se presenten los recibos correspondientes a rentas o pagos posteriores.
(10) Las cosas que obran en poder de una persona son de su pertenencia.
(11) Una persona es dueña de una cosa por ejercer actos de dominio sobre ella o por ser fama general que le pertenece.
(12) Una persona en cuyo poder obrase una orden a su *492 cargo para el pago de dinero, o mandándole entregar una cosa, ha pagado el dinero o entregado la cosa en conformidad.
(13) Una persona eri posesión de un cargo público fue elegida o nombrada para dicho cargo, como es de rigor.
(14) Los deberes de un cargo han sido cumplidos con regularidad.
(15) Un tribunal, una jueza o un juez, obrando como tal, bien en Puerto Rico, en cualquier estado de Estados Uni-dos de América o en país extranjero, se halla en el ejercicio legal de su jurisdicción.
(16) Un registro judicial, aunque no fuese concluyente, determina o expone con exactitud los derechos de las partes.
(17) Todas las materias comprendidas en una cuestión fueron sometidas al tribunal o Jurado y resueltas por cual-quiera de éstos. De igual modo, todas las materias com-prendidas en una cuestión sometida a arbitraje fueron pre-sentadas a los árbitros o las árbitras y resueltas por éstos o éstas.
(18) Las transacciones privadas fueron realizadas con rectitud y en forma correcta.
(19) Se ha seguido el curso ordinario de los negocios.
(20) Un pagaré o letra de cambio fue dado o endosado mediante suficiente compensación.
(21) El endoso de un pagaré o giro negociable se hizo en la fecha y el lugar en que fue extendido dicho pagaré o giro.
(22) Un escrito lleva fecha exacta.
(23) Una carta dirigida y cursada por correo debida-mente fue recibida en su oportunidad.
(24) Probado el nombre de una persona, se establece su identidad.
(25) El consentimiento resultó de la creencia de que la cosa consentida se ajustaba al derecho o al hecho.
(26) Las cosas han ocurrido de acuerdo con el proceso ordinario de la naturaleza y los hábitos regulares de la vida.
*493 (27) Que las personas que se conducen como socios tie-nen celebrado un contrato social.
(28) Que un hombre y una mujer que se conducen como casados han celebrado un contrato legal de matrimonio.
(29) Las personas nacidas después de la celebración de un matrimonio son hijas o hijos del marido.
(30) Una vez probada la existencia de una cosa, conti-núa ésta todo el tiempo que ordinariamente duran las co-sas de igual naturaleza.
(31) La ley ha sido acatada.
(32) Un documento o escrito de más de veinte años es auténtico cuando ha sido generalmente acatado como tal por personas interesadas en la cuestión y se ha explicado satisfactoriamente su custodia.
(33) Un libro impreso y publicado, que se dice haberlo sido por autoridad pública, fue impreso o publicado por tal autoridad.
(34) Un libro impreso y publicado, que se dice contener las minutas de los casos juzgados en el Estado o país en que fuese publicado, contiene las minutas exactas de dichos casos.
(35) El fideicomisario, la fideicomisaria u otra persona, cuyo deber fuese traspasar bienes raíces a determinada persona, ha hecho realmente el traspaso, cuando tal pre-sunción fuese necesaria para ultimar el título de dicha persona o de la que es su sucesora en interés.
(36) El uso no interrumpido por parte del público, du-rante cinco años, de un terreno para cementerio, con el consentimiento del dueño y sin que éste hubiese reservado sus derechos, constituye evidencia indirecta de su inten-ción de dedicarlos al público para tal objeto.
(37) Al efectuarse un contrato escrito, medió la corres-pondiente compensación.
(38) Cuando dos personas pereciesen en la misma cala-midad, como un naufragio, una batalla o un incendio, y no se probase cuál de las dos murió primero ni existiesen cir-cunstancias especiales de dónde inferirlo, se presume la *494 supervivencia por las probabilidades resultantes de la fuerza y edad, de acuerdo con las reglas siguientes:
Primera: Si ambas personas perecidas fuesen me-nores de quince años, se presume haber sobrevivido la de mayor edad.
Segunda: Si ambas personas tenían más de se-senta años, se presume haber sobrevivido la de menor edad.
Tercera: Si una persona era menor de quince años y la otra mayor de sesenta, se presume haber sobrevivido la primera.
Cuarta: Si ambas personas tenían más de quince años y menos de sesenta, se presume la supervivencia de la de más edad.
Quinta: Si una persona era menor de quince o mayor de sesenta y otra de edad intermedia, se presume ha-ber sobrevivido esta última.
(39) Un recibo de compra de bienes o pago por servicios es auténtico y refleja el justo valor de los bienes adquiridos de los proveedores o los servicios recibidos de parte de un proveedor.
Regla 305. Presunciones incompatibles
En caso de surgir dos presunciones incompatibles, no se aplicará ninguna de ellas y el hecho en controversia se re-solverá a base de la prueba.
CAPÍTULO IV
ADMISIBILIDAD Y PERTINENCIA
Regla 401. Definición de evidencia pertinente
Evidencia pertinente es aquella que tiende a hacer la existencia de un hecho, que tiene consecuencias para la adjudicación de la acción, más probable o menos probable de lo que sería sin tal evidencia. Esto incluye la evidencia *495 que sirva para impugnar o sostener la credibilidad de una persona testigo o declarante.
Regla 402. Relación entre pertinencia y admisibili-dad
La evidencia pertinente es admisible excepto cuando se disponga lo contrario por imperativo constitucional, por disposición de ley o por estas reglas. La evidencia no per-tinente es inadmisible.
Regla 403. Evidencia pertinente excluida por fun-damentos de perjuicio, confusión o pér-dida de tiempo
La evidencia pertinente puede ser excluida cuando su valor probatorio queda sustancialmente superado por cual-quiera de estos factores:
(a) riesgo de causar perjuicio indebido
(b) riesgo de causar confusión
(c) riesgo de causar desorientación del Jurado
(d) dilación indebida de los procedimientos
(e) presentación innecesaria de prueba acumulativa.
Regla 404. Evidencia de carácter no es admisible para probar conducta; excepciones; evi-dencia sobre la comisión de otros deli-tos
(a) La evidencia del carácter de una persona o de un rasgo de su carácter no es admisible cuando se ofrece para probar que en una ocasión específica la persona actuó en conformidad con tal carácter, excepto cuando se trate de:
(1) Evidencia de un rasgo pertinente de carácter ofrecido por la defensa sobre el carácter de la persona acusada.
(2) Evidencia de un rasgo pertinente de carácter ofrecido por la defensa, sobre el carácter de la víctima, su-jeto a lo dispuesto en la Regla 412.
(3) Evidencia ofrecida por el Ministerio Público, so- *496 bre el mismo rasgo pertinente de carácter de la persona acusada, para refutar la prueba de carácter presentada por la defensa bajo el subinciso (1) o el subinciso (2) de este inciso.
(4) Evidencia de un rasgo pertinente de carácter ofrecido por el Ministerio Público, sobre el carácter de la víctima, para refutar la prueba de carácter presentada por la defensa bajo la cláusula (2) de este inciso.
(5) Evidencia de un rasgo pertinente de carácter ofrecido por el Ministerio Público, en casos de asesinato u homicidio, sobre el carácter tranquilo o pacífico de la víc-tima, para refutar prueba de defensa de que la víctima fue quien agredió primero.
(b) La evidencia de conducta específica, incluyendo la comisión de otros delitos, daño civil u otros actos, no es admisible para probar la propensión a incurrir en ese tipo de conducta y con el propósito de inferir que se actuó en conformidad con tal propensión. Sin embargo, la evidencia de tal conducta es admisible si es pertinente para otros propósitos, tales como prueba de motivo, oportunidad, in-tención, preparación, plan, conocimiento, identidad, ausen-cia de error o accidente, o para establecer o refutar una defensa.
Si la persona acusada lo solicita, el Ministerio Público deberá notificarle la naturaleza general de toda prueba que el Ministerio Público se proponga presentar bajo este inciso (b). La notificación deberá proveerse con suficiente antelación al juicio, pero el tribunal podrá permitir que la notificación se haga durante el juicio si el Ministerio Pú-blico demuestra justa causa para no haber provisto la in-formación antes del juicio.
(c) La admisibilidad de evidencia ofrecida para sostener o impugnar la credibilidad de una persona testigo se re-gula según lo codificado en las Reglas 608 ó 609.
*497 Regla 405. Modos de probar el carácter
(a) Reputación u opinión
Cuando evidencia de carácter sea admisible bajo la Re-gla 404, se podrá presentar sólo en forma de testimonio de reputación o de opinión sobre el rasgo de carácter perti-nente, sin perjuicio de que en el contrainterrogatorio pueda preguntarse a la persona testigo sobre actos especí-ficos de conducta pertinentes a su testimonio.
(b) Conducta específica
Cuando el carácter o rasgo de carácter de una persona sea un elemento esencial de una acusación, reclamación o defensa, podrá admitirse evidencia de carácter no sólo en forma de testimonio de reputación o de opinión, sino tam-bién en forma de actos específicos de conducta.
Regla 406. Hábito o práctica rutinaria
(a) La evidencia sobre el hábito de una persona o la práctica rutinaria de una organización es admisible para probar que la conducta de esa persona u organización en una ocasión particular fue en conformidad con el hábito o la práctica rutinaria.
(b) Método de prueba
El hábito o la práctica rutinaria podrá probarse me-diante testimonio en forma de una opinión o mediante un número suficiente de actos específicos de conducta para justificar la determinación de que el hábito existía o de que la práctica era rutinaria.
Regla 407. Reparaciones o precauciones posterio-res
Evidencia sobre medidas de reparación o precauciones efectuadas después de la ocurrencia de un evento, las cua-les de haber sido efectuadas anteriormente hubieran ten-dido a hacer menos probable su ocurrencia, será inadmisi-ble para probar la negligencia o conducta culpable en relación con el evento. Esto no impide que tal evidencia sea *498 admisible a otros fines pertinentes, tales como establecer la titularidad o el control sobre una cosa, la viabilidad de tomar medidas de precaución si la parte adversa ha puesto este hecho en controversia, o para fines de impugnación.
Regla 408. Transacciones y ofertas para transigir
(a) No es admisible para probar la validez o falta de validez de una reclamación, la cuantía reclamada o para impugnar a base de una declaración anterior incompatible o por contradicción:
(1) Evidencia de que una persona ha provisto, ofre-cido o prometido proveer, o ha aceptado, ofrecido o prome-tido aceptar, algo de valor, con el propósito de intentar o lograr transigir una reclamación cuando estaba en contro-versia su validez o la cuantía reclamada, o
(2) evidencia sobre conducta o declaraciones efec-tuadas durante gestiones dirigidas a transigir.
(b) Esta regla no requiere la exclusión de evidencia que se ofrece para otros propósitos tales como impugnar por parcialidad o prejuicio a una persona testigo, refutar una alegación de demora indebida o probar un intento de obs-truir una investigación o procedimiento criminal. Para los fines de esta regla, no se considerará como intento de obs-truir una investigación o procedimiento criminal la con-ducta dirigida a transigir un delito cuya transacción está autorizada por las Reglas de Procedimiento Criminal, el Código Penal o una legislación especial.
(c) Esta regla aplica en casos civiles y criminales.
Regla 409. Pago y oferta de pago por gastos médi-cos
Evidencia de proveer, ofrecer o prometer el pago de gas-tos médicos, hospitalarios o gastos similares surgidos a raíz de lesiones, no es admisible para probar responsabili-dad por las lesiones.
*499 Regla 410. Alegación preacordada
La existencia de una alegación preacordada, sus térmi-nos o condiciones y las conversaciones o la conducta condu-centes a la misma, no serán admisibles en ningún procedi-miento criminal o civil si la alegación preacordada hubiese sido rechazada por el tribunal, invalidada en algún recurso posterior o retirada válidamente por la persona imputada o por el Ministerio Público. Lo anterior será admisible por excepción en un procedimiento criminal por peijurio contra la persona imputada basado en manifestaciones hechas por ésta bajo juramento y en presencia de su abogada o abogado.
Regla 411. Sistema para determinación inicial de responsabilidad
(a) La adjudicación de responsabilidad por accidentes de tránsito en la que se han utilizado los diagramas conte-nidos en el Sistema de la Determinación Inicial de Respon-sabilidad, según establecido por ley, no será admisible en procedimiento criminal o civil alguno que surja por los he-chos particulares del referido accidente. No obstante, cual-quier cantidad satisfecha por concepto de la adjudicación de responsabilidad, resultante de la utilización de los refe-ridos diagramas en la reclamación surgida por tal acci-dente de tránsito, será admisible a los únicos efectos de que se acredite a cualquier cantidad adicional que judicial o extrajudicialmente se le adjudique a alguna de las partes involucradas en tal reclamación.
(b) Tampoco será admisible como evidencia en un pro-cedimiento civil o criminal el informe amistoso de acci-dente que las partes involucradas en un accidente de trán-sito llenen, firmen y entreguen a un asegurador o aseguradora, o su representante autorizado, excepto en procedimientos administrativos o criminales promovidos por la presentación de reclamaciones falsas o fraudulentas.
*500 Regla 412. Casos relacionados con conducta sexual ilícita; pertinencia de conducta sexual previa de una alegada víctima de agre-sión sexual; evidencia sobre alegada propensión sexual
(a) Evidencia generalmente inadmisible
La siguiente evidencia es inadmisible en cualquier pro-cedimiento criminal que involucre alegaciones de conducta sexual ilícita:
(1) Evidencia de opinión, reputación o conducta sexual que se ofrece para probar que cualquier alegada víctima participó en otra conducta sexual.
(2) Evidencia de cualquier otro tipo que se ofrece para probar la propensión sexual de cualquier alegada víctima.
(b) Excepciones
En casos penales, la siguiente evidencia es admisible, salvo que resulte inadmisible bajo otras reglas:
(1) Evidencia de actos específicos de conducta sexual de la alegada víctima, que es ofrecida para probar que una persona distinta a la que fue acusada originó el semen, las lesiones u otra evidencia física.
(2) Evidencia de actos específicos de conducta sexual de la alegada víctima con la persona acusada de conducta sexual ilícita, que se ofrece por la persona acu-sada para probar que hubo consentimiento o por el Minis-terio Público.
(3) Evidencia cuya exclusión violaría los derechos constitucionales de la persona acusada.
(c) Procedimiento para determinar la admisibilidad
(1) Una parte que se propone presentar evidencia según las excepciones establecidas en el inciso (b) deberá:
(A) presentar una moción en la cual describa de forma específica la evidencia en cuestión, sostenida en una declaración jurada y donde se exprese el propósito para el cual la ofrece;
*501 (B) someter la moción por lo menos 14 días antes del juicio, excepto si el tribunal, por justa causa, esta-blece un plazo distinto o permite que se presente durante el juicio, y
(C) notificar la moción a todas las partes y a la alegada víctima. Cuando ésta sea menor o incapacitada, la notificación deberá efectuarse a su tutor o representante legal.
(2) Antes de admitir evidencia alguna bajo esta re-gla, el tribunal debe celebrar una vista en privado donde se brinde oportunidad a las partes de presentar prueba. En los casos que se ventilen ante tribunal de derecho, la de-terminación en cuanto a la admisibilidad de evidencia la hará un juez distinto al que preside el juicio. En la vista sólo se permitirá la presencia de la víctima, la persona acu-sada, el Ministerio Público, la abogada o el abogado de de-fensa y el personal de apoyo del tribunal y de las partes. La moción, los documentos relacionados y el expediente de la vista permanecerán sellados, excepto si el tribunal ordena lo contrario.
(3) Al terminar la vista, si el tribunal determina que la evidencia que se propone ofrecer la persona acusada es pertinente y que su naturaleza inflamatoria o perjudi-cial no tendrá un peso mayor que su valor probatorio, dic-tará una orden escrita indicando la evidencia que puede ser presentada por la persona acusada y la naturaleza de las preguntas permitidas. La persona acusada entonces po-drá ofrecer evidencia de acuerdo con la orden del tribunal.
Regla 413. Hostigamiento sexual; agresión sexual; evidencia de reputación y opinión sobre conducta sexual de la parte deman-dante; inadmisibilidad; excepción; con-trainterrogatorio
(a) Admisión y exclusión de evidencia
(1) En cualquier acción civil en la que se alegue *502 una conducta constitutiva de hostigamiento sexual o agre-sión sexual, no se admitirá evidencia de la parte deman-dada para establecer el consentimiento o la inexistencia de daños, ya sea evidencia de opinión o reputación, o de he-chos específicos sobre la conducta sexual de la parte demandante. Esta regla de exclusión no aplicará cuando el daño alegado por la parte demandante sea la pérdida de la capacidad para sostener relaciones sexuales.
(2) No será aplicable lo dispuesto en el inciso (a)(1) de esta regla a evidencia de conducta sexual de la parte demandante con la persona que, según se alega, fue la hos-tigadora o agresora.
(3) Si la parte demandante somete evidencia rela-cionada con su conducta sexual —incluyendo su propio tes-timonio o el de cualquier otra persona— la parte deman-dada podrá contrainterrogar a la persona testigo o a la parte que ofrezca dicha información y ofrecer evidencia pertinente, específicamente limitada a refutar la evidencia presentada por la parte demandante.
(b) Procedimiento para determinar la admisibilidad
(1) La determinación en cuanto a la admisibilidad de evidencia bajo el inciso (a) de esta regla, la hará una jueza o un juez distinto al que interviene en la considera-ción de los méritos de la demanda. La parte demandada deberá:
(A) presentar una moción en la cual describa de forma específica la evidencia en cuestión sostenida en una declaración jurada y exprese el propósito para el cual la ofrece;
(B) someter la moción por lo menos 14 días antes del juicio, excepto si el tribunal, por justa causa, esta-blece un plazo distinto o permite que se presente durante el juicio, y
(C) notificar la moción a la parte demandante.
(2) Antes de admitir evidencia bajo esta regla, el tribunal celebrará una vista privada. En la vista sólo se *503 permitirá la presencia de las partes, sus abogadas o abo-gados y el personal de apoyo del tribunal y de las partes. La moción, los documentos relacionados y el expediente de la vista permanecerán sellados, excepto si el tribunal or-dena lo contrario. Si el tribunal determina que la evidencia será admitida, dictará una orden indicando la evidencia que puede ser presentada por la parte demandada y la naturaleza de las preguntas permitidas.
(c) Nada de lo dispuesto en esta regla afecta la admisi-bilidad de cualquier evidencia ofrecida para impugnar la credibilidad de una persona testigo.
CAPÍTULO V
PRIVILEGIOS
Regla 501. Privilegios de la persona acusada
En la medida en que así sea reconocido en la Constitu-ción de Estados Unidos o en la Constitución del Estado Libre Asociado de Puerto Rico, una persona imputada o acusada tiene derecho, en una causa criminal en su contra, a no ser llamada como testigo, a no declarar y a que no sea hecha inferencia alguna del ejercicio de tal derecho.
Regla 502. Autodiscriminación
En la medida en que así sea reconocido en la Constitu-ción de Estados Unidos o en la Constitución del Estado Libre Asociado de Puerto Rico, toda persona tiene el privi-legio de rehusarse a revelar cualquier materia que tienda a incriminarle.
Regla 503. Relación abogada o abogado y cliente
(a) Según usadas en esta regla, las siguientes expresio-nes tendrán el significado que a continuación se indica:
(1) Abogada o Abogado: Persona autorizada o a quien el o la cliente razonablemente creyó autorizada a ejercer la profesión de la abogacía en Puerto Rico o en cual- *504 quier otra jurisdicción, incluyendo a sus personas asocia-das, ayudantes y empleadas.
(2) Cliente: Persona natural o jurídica que, direc-tamente o a través de un representante autorizado, con-sulta a urna abogada o a un abogado con el propósito de contratarle o de obtener servicios legales o consejo en su capacidad profesional. Incluye a la persona incapaz que consulta a una abogada o a un abogado o cuya tutora, tutor o persona encargada hace tal gestión con la abogada o el abogado a nombre de la persona incapaz.
(3) Representante autorizado: Persona facultada para obtener servicios legales o actuar a base de consejo legal ofrecido, en representación de la que es cliente. In-cluye a una persona que, con el propósito de que se brinde representación legal a quien es cliente, hace o recibe una comunicación confidencial mientras actúa dentro del al-cance de su empleo con el o la cliente.
(4) Comunicación confidencial: Aquella habida en-tre una abogada o un abogado y su cliente en relación con alguna gestión profesional, basada en la confianza de que no será divulgada a terceras personas, salvo a aquellas que sea necesario para llevar a efecto los propósitos de la comunicación.
(b) Sujeto a lo dispuesto en esta regla, el o la cliente —sea o no parte en el pleito o acción— tiene el privilegio de rehusarse a revelar, y de impedir que otra persona revele, una comunicación confidencial entre ella y su abogada o abogado. El privilegio puede ser invocado no sólo por quien lo posee —que es la persona cliente— sino también por una persona autorizada a invocarlo en beneficio de ésta o por la abogada o el abogado a quien la comunicación fue hecha si lo invoca a nombre de y para beneficio de la que es cliente.
(c) No existe privilegio bajo esta regla si:
(1) Los servicios de la abogada o del abogado fue-ron solicitados u obtenidos para permitir o ayudar a cual-quier persona a cometer o planear la comisión de un delito o un fraude.
*505 (2) La comunicación es pertinente a una controver-sia entre los herederos de la persona cliente ya fallecido, independientemente de que las reclamaciones provengan de un testamento, de una sucesión intestada o de una tran-sacción entre vivos.
(3) La comunicación es pertinente a una controver-sia relativa a una violación de los deberes mutuos que sur-jan de la relación abogada o abogado-cliente.
(4) La comunicación es pertinente a una controver-sia relativa a un documento en que intervino la abogada o el abogado en calidad de notaría o notario.
(5) La comunicación es pertinente a una materia de común interés para dos o más personas que son clientes de la abogada o del abogado, en cuyo caso una de las per-sonas clientes no puede invocar el privilegio contra las otras.
(d) Cuando dos o más personas se unen como clientes de una misma abogada o un mismo abogado en cuanto a un asunto de interés común entre ellas, ninguna podrá renun-ciar al privilegio sin el consentimiento de las otras.
Regla 504. Relación Contadora Pública Autorizada o Contador Público Autorizado y cliente
(a) Según usadas en esta regla, las siguientes expresio-nes tendrán el significado que a continuación se indica:
(1) Contadora Pública Autorizada o Contador Pú-blico Autorizado: Toda persona que posea una licencia para dedicarse a la práctica de la contabilidad pública en Puerto Rico o en Estados Unidos de América.
(2) Cliente: Persona natural o jurídica que con-sulta a una Contadora Pública Autorizada o a un Contador Público Autorizado, o a quien creyó con autorización para ejercer la profesión de la contabilidad, con el propósito de contratarle o de obtener servicios en su capacidad profesional.
(3) Comunicación confidencial: Aquella habida en-tre una Contadora Pública Autorizada o a un Contador Pú- *506 blico Autorizado —incluso a las personas que son sus aso-ciadas, ayudantes y empleadas de oficina— y su cliente en relación con alguna gestión profesional, realizada en el ejercicio de la profesión de contabilidad, basada en la con-fianza de que no será divulgada a terceras personas, salvo a aquellas que sea necesario para llevar a efecto los propó-sitos de la comunicación.
(b) Sujeto a lo dispuesto en esta regla, la persona cliente —sea o no parte en el pleito o acción— tiene el privilegio de rehusarse a revelar, y de impedir que otra persona revele, una comunicación confidencial entre ella y su Contadora Pública Autorizada o Contador Público Autorizado. El privilegio puede ser invocado sólo por quien posee el privilegio, que es la persona cliente.
(c) No existe privilegio bajo esta regla si:
(1) Los servicios a la Contadora Pública Autorizada o al Contador Público Autorizado fueron solicitados y obte-nidos para permitir o ayudar a cualquier, persona a come-ter o planear la comisión de un delito o un fraude.
(2) La comunicación es pertinente a una controver-sia relativa a una violación de los deberes mutuos que sur-jan de la relación Contadora Pública Autorizada o Conta-dor Público Autorizado y cliente.
(3) La comunicación es pertinente a una materia de común interés para dos o más clientes de la Contadora Pública Autorizada o del Contador Público Autorizado, en cuyo caso una de las personas clientes no puede invocar el privilegio contra las otras.
(4) El contenido de la comunicación se le requiere durante un procedimiento civil o penal bajo la Ley de Ar-mas de Puerto Rico, Ley de Sustancias Controladas, Ley de Explosivos, Ley contra el Crimen Organizado, las disposi-ciones del Código Penal y las leyes especiales sobre estas materias.
(5) Las normas que regulan la profesión de la con-tabilidad requieren que se divulgue la comunicación.
*507 (6) La comunicación entre la Contadora Pública Autorizada o el Contador Público Autorizado y su cliente puede ser divulgada por mandato de ley o por razón de interés público apremiante.
(d) Cuando dos o más personas se unen como clientes de la misma Contadora Pública Autorizada o del mismo Contador Público Autorizado en cuanto a un asunto de in-terés común entre ellas, ninguna podrá renunciar al privi-legio sin el consentimiento de las otras.
Regla 505. Renuncia a los privilegios de abogada o abogado-cliente; Contadora Pública Au-torizada o Contador Público Autoriza-do-cliente; renuncia al privilegio para el producto del trabajo realizado por una parte o sus representantes en anticipa-ción o como parte de un litigio
(a) Aplicabilidad de esta regla
Las disposiciones de esta regla aplican a comunicacio-nes o a información protegida por el privilegio abogada o abogado-cliente, Contadora Pública Autorizada o Contador Público Autorizado-cliente o por el privilegio para el pro-ducto del trabajo, según se definen dichos términos a con-tinuación:
(1) Privilegio abogada o abogado-cliente o Conta-dora Pública Autorizada o Contador Público Autorizado-cliente: Significa la protección provista a comunicaciones confidenciales entre abogada o abogado y cliente, o Conta-dora Pública Autorizada o Contador Público Autorizado y cliente en conformidad con el Derecho aplicable.
(2) Privilegio para el producto del trabajo: Signifi-ca la protección provista a información que es el producto del trabajo de una parte o de la persona que es abogada, consultora, fiadora, aseguradora o agente de dicha parte, preparada u obtenida en anticipación de, o como parte de, una investigación o un procedimiento civil, administrativo o penal.
*508 (b) Renuncia voluntaria
La divulgación voluntaria de una información protegida por el privilegio abogada o abogado-cliente, Contadora Pú-blica Autorizada o Contador Público Autorizado-cliente o el privilegio para el producto del trabajo, constituye una re-nuncia a estos privilegios, la cual no se extiende a una comunicación no divulgada o a información sobre la misma materia. Esta regla no aplica si la comunicación no divul-gada o los datos en cuestión deben ser considerados para la más cabal comprensión de la información divulgada.
(c) Renuncia involuntaria
La divulgación de una comunicación o información pro-tegida por el privilegio abogada o abogado-cliente, Conta-dora Pública Autorizada o Contador Público Autorizado-cliente o el privilegio para el producto del trabajo, no se considerará como una renuncia al privilegio si se cumple con todos los requisitos siguientes:
(1) si fue realizada por inadvertencia,
(2) si fue realizada como parte del procedimiento judicial o administrativo en el cual se invoca la renuncia,
(3) si quien posee el privilegio tomó medidas de precaución razonables para evitar la divulgación, y
(4) si, una vez el poseedor o la poseedora del privi-legio conoció o debió conocer de la divulgación, tomó medi-das para rectificar el error con razonable prontitud.
(d) Efectos de una renuncia mediante estipulación
Un acuerdo entre las partes en un litigio en relación con el efecto que tendrá la divulgación de una información o comunicación protegida por el privilegio abogada o aboga-do-cliente, Contadora Pública Autorizada o Contador Pú-blico Autorizado-cliente o el privilegio para el producto del trabajo, sólo tendrá efecto vinculante entre las partes en el litigio, excepto si el acuerdo de las partes es incorporado en una orden del tribunal.
(e) Ordenes judiciales
Una orden emitida como parte de un procedimiento ju *509 dicial en un Tribunal del Estado Libre Asociado de Puerto Rico, y la cual dispone que el privilegio abogada o abogado-cliente, el privilegio Contadora Pública Autorizada o Con-tador Público Autorizado-cliente o el privilegio para el pro-ducto del trabajo, no debe considerarse renunciado en virtud de una divulgación de información efectuada en dicho procedimiento judicial, obliga a todas las personas o entidades en todos los procedimientos judiciales o adminis-trativos ante el Estado Libre Asociado de Puerto Rico, in-dependientemente de que dichas personas o entidades ha-yan sido parte en el procedimiento judicial, si la orden incorpora el acuerdo de las partes ante el tribunal o, en caso de surgir controversia entre las partes respecto a si hubo una renuncia al privilegio como resultado de una divulgación, la orden determina que no hubo tal renuncia al privilegio en cuestión.
Regla 506. Relación médico y paciente
(a) Según usadas en esta regla, las siguientes expresio-nes tendrán el significado que a continuación se indica:
(1) Médico: Persona autorizada, o a quien el o la paciente razonablemente cree que está autorizada, a ejer-cer la medicina en el lugar en que se efectúa la consulta o el examen médico.
(2) Paciente: Persona que, con el único fin de obte-ner tratamiento médico, o un diagnóstico preliminar a dicho tratamiento, consulta a aquélla que quien es médico o se somete a examen por ésta.
(3) Comunicación confidencial: Aquella habida en-tre el o la médico y el o la paciente en relación con alguna gestión profesional basada en la confianza de que ésta no será divulgada a terceras personas, salvo a aquellas que sea necesario para llevar a efecto el propósito de la comunicación.
(b) Sujeto a lo dispuesto en esta regla, el o la paciente —sea o no parte en el pleito o acción— tiene el privilegio de *510 rehusarse a revelar, y de impedir que otra persona revele, una comunicación confidencial habida entre el o la pa-ciente y su médico si uno u otro razonablemente creían que la comunicación era necesaria para permitir el diagnóstico, o ayudar en un diagnóstico de la condición del o de la pa-ciente, o para prescribir o darle tratamiento. El privilegio puede ser invocado no sólo por quien lo posee —que es el o la paciente— sino también por una persona autorizada para ello en beneficio del o de la paciente. También puede ser invocado por el o la médico a quien se hizo la comuni-cación confidencial, si éste o ésta lo invoca a nombre de y para beneficio de su paciente.
(c) No existe privilegio bajo esta regla si:
(1) La cuestión en controversia concierne a la con-dición del o de la paciente, sea una acción para recluirle o ponerle bajo custodia por razón de alegada incapacidad mental o una acción en la que el o la paciente trata de establecer su capacidad.
(2) Los servicios del médico fueron solicitados u ob-tenidos para hacer posible o ayudar a cometer o planear la comisión de un delito o fraude.
(3) El procedimiento es de naturaleza criminal.
(4) El procedimiento es una acción civil para reco-brar daños con motivo de la conducta del o de la paciente y se demuestra justa causa para revelar la comunicación.
(5) El procedimiento es sobre una controversia re-lacionada con la validez de un alegado testamento del o de la paciente.
(6) La controversia es entre partes que derivan sus derechos del o de la paciente, ya sea por sucesión testada o intestada.
(7) La comunicación es pertinente a una controver-sia basada en el incumplimiento de los deberes mutuos que surgen de la relación médico y paciente.
(8) Se trata de una acción en que la condición del o de la paciente constituye un elemento o factor de la recla-mación o defensa del o de la paciente, o de cualquier per *511 sona que reclama al amparo del derecho del o de la pa-ciente o a través de éste o ésta, o como beneficiario del o de la paciente en virtud de un contrato en el cual él o ella es o fue parte.
(9) La persona poseedora del privilegio hizo que quien es el médico, su agente, empleada o empleado decla-rara en una acción respecto a cualquier materia que vino en conocimiento del médico, su agente, empleada o em-pleado por medio de la comunicación.
(10) La comunicación es pertinente a una contro-versia relacionada con un examen médico ordenado por el tribunal al o a la paciente, sea éste o ésta parte o testigo en el pleito.
Regla 507. Relación consejera o consejero y víctima de delito
(a) Según usadas en esta regla, las siguientes expresio-nes tendrán el significado que a continuación se indica:
(1) Consejera o consejero: Toda persona autorizada, certificada o licenciada por el Estado Libre Asociado de Puerto Rico para realizar funciones de consejería, orienta-ción, consultoría, funciones terapéuticas o cualquier persona empleada o voluntaria bajo la supervisión de un cen-tro de ayuda y consejería que brinde tratamiento y ayuda a víctimas de delito.
(2) Víctima: Persona que ha sufrido daño emocio-nal o psicológico como consecuencia de la comisión de un delito y que acude a una consejera o un consejero, o a un centro de ayuda y consejería para obtener asistencia o tratamiento.
(3) Comunicación confidencial: Aquella habida en-tre la víctima de delito y su consejera o consejero, ya fuese en privado o ante una tercera persona cuya presencia es necesaria para que se establezca una comunicación entre la víctima y quien brinda consejería o para facilitar los servicios de consejería que necesita la víctima, cuando tal *512 información se divulga durante el curso del tratamiento que ofrece la consejera o el consejero para atender una con-dición emocional o psicológica de la víctima producida por la comisión del delito y que se hace bajo la confianza de que ésta no será divulgada a terceras personas.
(4) Centro de ayuda y consejería• Cualquier persona o entidad privada o gubernamental que tiene como uno de sus principales propósitos ofrecer tratamiento y ayuda a las víctimas de delito.
(5) Consejería: La asistencia, el diagnóstico o el tratamiento ofrecido a la víctima para aliviar los efectos adversos, emocionales o psicológicos causados a consecuen-cia de la comisión del delito. Incluye, pero no está limitada a, el tratamiento en periodo de crisis emocional o mental.
(b) Sujeto a lo dispuesto en esta regla, toda víctima de delito —sea o no parte en el pleito o acción— tiene el pri-vilegio de rehusarse a revelar, y de impedir que otra persona revele, una comunicación confidencial entre la víc-tima y la consejera o consejero si cualquiera de ellos razonablemente creía que la comunicación era necesaria para el tratamiento y la ayuda requerida. El privilegio puede ser invocado no sólo por quien lo posee, sino también por una persona autorizada por la víctima, su represen-tante legal o por la consejera o consejero a quien se hizo la comunicación.
(c) Sujeto a lo dispuesto en esta regla, ni la consejera o consejero ni la víctima —sea o no parte en el pleito o ac-ción— podrá ser requerido para que informe el nombre, la dirección, la localización o el número telefónico de una casa de auxilio, refugio u otra entidad que brinde refugio tem-porero a víctimas de delito, a menos que la entidad en cuestión sea parte en la acción.
(d) El hecho de que una víctima testifique en el tribunal acerca del delito no constituye una renuncia del privilegio.
(1) No obstante lo anterior, si como parte de este testimonio la víctima revela parte de la comunicación con- *513 fidencial, se entenderá que renuncia al privilegio en cuanto a esa parte del testimonio solamente.
(2) Cualquier renuncia al privilegio se extenderá únicamente a aquello que sea necesario para responder a las preguntas que formule la abogada o el abogado concer-nientes a la comunicación confidencial y que sean relevan-tes a los hechos y las circunstancias del caso.
(e) La víctima no podrá renunciar al privilegio por me-dio de su abogada o abogado. No obstante lo anterior, si la víctima insta una acción por impericia profesional contra la consejera o el consejero, o contra el centro de ayuda y consejería en el cual la persona consejera está empleada o sirve como voluntaria bajo supervisión, dicha persona po-drá declarar sin sujeción al privilegio y no será responsable por tal declaración.
Regla 508. Privilegio de psicoterapeuta y paciente
(a) Según usadas en esta regla, las siguientes expresio-nes tendrán el significado que a continuación se indica:
(1) Psicoterapeuta: Persona autorizada, o quien el o la paciente razonablemente cree que está autorizada, a ejercer en Puerto Rico o en cualquier otra jurisdicción la medicina o la psicología, para diagnosticar o tratar una condición mental o emocional del o de la paciente, incluso la drogadicción o el alcoholismo.
(2) Paciente: Persona que consulta o es examinada o entrevistada por otra que es psicoterapeuta.
(3) Comunicación confidencial: Aquella que se hace sin el propósito de que sea divulgada a terceras per-sonas que no sean:
(A) aquellas personas presentes cuando se hace la comunicación y cuya presencia tiene el propósito de adelantar los intereses del o de la paciente en la consulta, examen o entrevista, o
(B) aquellas personas razonablemente necesa-rias para la transmisión de la comunicación, o
*514 (C) aquellas personas que están participando en el diagnóstico y tratamiento bajo la dirección de quien es psicoterapeuta, incluso a familiares del o de la paciente.
(b) El o la paciente tiene el privilegio de rehusarse a revelar, y de impedir que otra persona revele, una comuni-cación confidencial hecha para propósitos de diagnóstico o tratamiento de su condición mental o emocional, incluso la drogadicción o el alcoholismo, efectuada entre el o la pa-ciente, su psicoterapeuta u otras personas que están parti-cipando en el diagnóstico o tratamiento bajo la dirección de quien es psicoterapeuta, incluso a familiares del o de la paciente.
(c) El privilegio puede ser invocado por el o la paciente, por su tutora, tutor, defensora o defensor judicial o por quien representa a la o al paciente que falleció. La persona que actuó como psicoterapeuta puede invocar el privilegio, pero sólo en representación de la o del paciente y su auto-ridad para invocarlo se presumirá, en ausencia de eviden-cia en contrario.
(d) No existe el privilegio bajo esta regla si:
(1) Las comunicaciones son pertinentes a una con-troversia en un procedimiento para hospitalizar a la o al paciente por razón de enfermedad mental si quien es psi-coterapeuta en el curso del diagnóstico o tratamiento ha determinado que la o el paciente requiere hospitalización.
(2) Un tribunal ordena un examen de la condición mental o emocional de la o del paciente.
(3) Las comunicaciones son pertinentes a una con-troversia material sobre la condición mental o emocional de la o del paciente, en cualquier procedimiento en el cual ésta o éste invoca dicha condición como un elemento de su reclamación o defensa. Esta excepción no aplica cuando la o el paciente es alguien menor de edad a quien la o el psicoterapeuta le brinda o le ha brindado servicios de diag-nóstico o tratamiento y el privilegio lo invoca una persona autorizada en beneficio de la o del paciente.
*515 Regla 509. Privilegio del cónyuge
(a) Una persona casada tiene el privilegio de no testifi-car contra su cónyuge en ningún procedimiento.
(b) Una persona casada, cuyo cónyuge es una parte en cualquier procedimiento, tiene el privilegio de no ser lla-mada a declarar como testigo en ese procedimiento por una parte adversa, sin su previo expreso consentimiento, a no ser que la parte que la llama lo haga de buena fe, sin co-nocimiento de la relación conyugal.
(c) Una persona casada no tiene el privilegio reconocido en los incisos (a) y (b) de esta regla en:
(1) Un procedimiento instado por o en nombre de un cónyuge contra otro.
(2) Un procedimiento para recluir a cualquiera de los cónyuges o de otra forma poner a su persona o a su propiedad, o ambos, bajo el control de otra persona por motivo de su alegada condición mental o física.
(3) Un procedimiento instado por o a nombre de cualquiera de los cónyuges para establecer su capacidad.
(4) Un procedimiento bajo la ley de menores o so-bre custodia de menores relacionado con un menor de edad que es hija o hijo de uno o de ambos cónyuges.
(5) Un procedimiento criminal en el cual uno de los cónyuges es acusado de:
(A) un delito cometido contra la persona o la propiedad del otro cónyuge o de una hija o un hijo de cual-quiera de los dos;
(B) un delito contra la persona o la propiedad de una tercera persona mientras cometía un delito contra la persona o propiedad del otro cónyuge;
(C) bigamia o adulterio, y
(D) incumplimiento de la obligación alimenta-ria de una hija o un hijo de cualquiera de los cónyuges.
(d) Renuncia al privilegio
(1) Salvo que hubiera sido erróneamente compelida a hacerlo, una persona casada que testifica en un procedi- *516 miento en el que es parte su cónyuge o que testifica contra su cónyuge en cualquier procedimiento, no tiene el privile-gio reconocido en esta regla en el procedimiento en el que presta ese testimonio. Para que se produzca una renuncia válida de acuerdo con este inciso, la persona casada debe ser advertida previamente por las autoridades pertinentes de la existencia del privilegio y de su derecho a invocarlo.
(2) No existe el privilegio bajo esta regla en una acción civil instada o defendida por una persona casada para el beneficio inmediato de su cónyuge o de ambos.
Regla 510. Privilegio ele las comunicaciones confi-denciales matrimoniales
(a) Comunicación confidencial entre cónyuges: Aquella habida privadamente sin intención de transmitirla a una tercera persona y bajo la creencia de que la comunicación no sería divulgada.
(b) Sujeto a lo dispuesto en la Regla 517, sobre renuncia a privilegios de comunicaciones confidenciales, un cónyuge o su tutora o tutor —si lo tuviera— sea o no parte en el procedimiento, tiene el privilegio de negarse a divulgar o a impedir que otra persona divulgue, durante la vigencia y luego del matrimonio, una comunicación confidencial ha-bida entre los cónyuges, hecha mientras estaban casados.
(c) No existe el privilegio bajo esta regla cuando la co-municación:
(1) fue hecha, total o parcialmente, con el propósito de cometer, ayudar a cometer o planificar la comisión de un delito, fraude o acto torticero;
(2) se ofrece en un procedimiento para recluir a cualquiera de los cónyuges o de otra forma poner a su persona o a su propiedad, o a ambos, bajo el control de otra persona por motivo de su alegada condición mental o física;
(3) se ofrece en un procedimiento instado por o a nombre de cualquiera de los cónyuges con el propósito de establecer su capacidad;
*517 (4) se ofrece en un procedimiento instado por o a nombre de un cónyuge contra el otro;
(5) se ofrece en un procedimiento entre quien es cónyuge sobreviviente y una persona que reclama a través del cónyuge que falleció, independientemente de si se trata de una sucesión testada o intestada, o de una transacción entre vivos, y
(6) se ofrece en un procedimiento en el que a uno de los cónyuges se le acusa por:
(A) un delito cometido contra la persona o la propiedad del otro cónyuge o de una hija o un hijo de cual-quiera de los dos;
(B) un delito cometido contra la persona o la propiedad de una tercera persona mientras cometía un de-lito contra la persona o propiedad del otro cónyuge;
(C) bigamia o adulterio, o
(D) incumplimiento de la obligación alimenta-ria en relación con una hija o un hijo de cualquiera de los cónyuges;
(7) se ofrece en un procedimiento bajo la ley de me-nores o sobre custodia de menores relacionado con un me-nor de edad que es hija o hijo de uno o de ambos cónyuges, y
(8) se ofrece en una acción penal por la persona acusada, quien es uno de los cónyuges entre los cuales se hizo la comunicación.
Regla 511. Relación religiosa o religioso y creyente
(a) Según usadas en esta regla, las siguientes expresio-nes tendrán el significado que a continuación se indica:
(1) Religiosa o religioso: Sacerdote, pastora, pastor, ministra, ministro, rabino, practicante de una religión o funcionaría o funcionario similar de una iglesia, secta o denominación religiosa o de cualquier organización religiosa.
(2) Creyente: Persona que le hace una comunica- *518 ción penitencial o confidencial a una religiosa o un religioso.
(3) Comunicación penitencial o confidencial: Aque-lla hecha por una persona creyente, en confidencia y sin la presencia de una tercera persona, a una que es religiosa y quien, en el curso de la disciplina o la práctica de su igle-sia, secta, denominación u organización religiosa, está au-torizada o acostumbrada a oír tales comunicaciones y que bajo tal disciplina tiene el deber de mantenerlas en secreto.
(b) Una religiosa o un religioso, o una persona creyente, sea o no parte en el pleito, tiene el privilegio de rehusarse a revelar una comunicación penitencial o confidencial, o impedir que otra persona la divulgue.
Regla 512. Voto político
Toda persona tiene el privilegio de no divulgar la forma en que votó en una elección política, a menos que se deter-minase que dicha persona hubiera votado ilegalmente.
Regla 513. Secretos del negocio
La dueña o el dueño de un secreto comercial o de nego-cio tiene el privilegio —que podrá ser invocado por ella o por él, o por la persona que es su agente o empleada— de rehusarse a divulgarlo y de impedir que otra persona lo divulgue, siempre que ello no tienda a encubrir un fraude o causar una injusticia. Si fuese ordenada su divulgación, el tribunal deberá tomar aquellas medidas necesarias para proteger los intereses de la dueña o del dueño del secreto comercial, de las partes y de la justicia.
Regla 514. Privilegio sobre información oficial
(a) Según usada en esta regla, “información oficial” sig-nifica aquella adquirida en confidencia por una persona que es funcionaría o empleada pública en el desempeño de su deber y que no ha sido oficialmente revelada ni está *519 accesible al público hasta el momento en que se invoca el privilegio.
(b) Una persona que es funcionaría o empleada pública tiene el privilegio de no divulgar una materia por razón de que constituye información oficial. No se admitirá eviden-cia sobre la misma si el tribunal concluye que la materia es información oficial y su divulgación está prohibida por ley, o que divulgar la información en la acción sería peijudicial a los intereses del Gobierno.
Regla 515. Privilegio en cuanto a la identidad de la persona informante
Una entidad pública tiene el privilegio de no revelar la identidad de una persona que ha suministrado informa-ción tendente a descubrir la violación de una ley del Estado Libre Asociado de Puerto Rico o de Estados Unidos de América, si la información es dada en confidencia por la persona informante a una que es funcionaría del orden pú-blico, a un representante de la agencia encargada de la administración o ejecución de la ley que se alega fue vio-lada o a cualquier persona con el propósito de que la trans-mitiera a tal persona funcionaría o representante. La evi-dencia sobre dicha identidad no será admisible a menos que el tribunal determine que la identidad de la persona que dio la información ya ha sido divulgada en alguna otra forma o que la información sobre su identidad es esencial para una justa decisión de la controversia, particular-mente cuando es esencial a la defensa de la persona acusada.
Regla 516. Privilegio de los procesos de métodos al-ternos para la solución de conflictos
(a) Se considera privilegiada y confidencial cualquier información ofrecida y los documentos y expedientes de trabajo referentes a un proceso de método alterno para la *520 solución de conflictos, según sea reconocido por ley o reglamento.
(b) Evidencia que sea de otra manera admisible o que esté sujeta a descubrimiento fuera de un proceso de mé-todo alterno, no será ni se convertirá en evidencia inadmi-sible o protegida del descubrimiento únicamente porque se ha presentado o utilizado en dicho proceso.
(c) La renuncia de este privilegio se regirá por las dis-posiciones que se establezcan por ley o reglamento.
Regla 517. Renuncia a privilegios
(a) Renuncia expresa
Una persona, que de otro modo tendría el privilegio de no divulgar un asunto o materia específico, o de impedir que otra persona los divulgue, no tiene tal privilegio res-pecto a dicho asunto o materia si el tribunal determina que esa persona, o cualquier otra mientras era la poseedora del privilegio, se obligó con otra a no invocar el privilegio, o que sin haber sido coaccionada y con conocimiento del pri-vilegio, divulgó cualquier parte del asunto o materia, o per-mitió tal divulgación por otra persona.
(b) Renuncia implícita
La jueza o el juez que preside un caso podrá admitir una comunicación de otra manera privilegiada cuando determine que la conducta de quien posee el privilegio equivale a una renuncia, independientemente de lo dispuesto en el inciso (a) de esta regla.
(c) Esta regla no se aplicará a los privilegios estableci-dos en las Reglas 501, 502 y 512.
Regla 518. Interpretación restrictiva
Las reglas de privilegios se interpretarán restrictiva-mente en relación con cualquier determinación sobre la existencia de un privilegio, a excepción de las Reglas 501, 502 y 512 relativas a privilegios de rango constitucional.
*521 CAPÍTULO VI
CREDIBILIDAD E IMPUGNACIÓN DE TESTIGOS
Regla 601. Capacidad y descalificación de testigos
Toda persona es apta para ser testigo, salvo disposición en contrario en estas reglas o en la ley. Una persona no podrá servir como testigo cuando, por objeción de parte o a iniciativa propia, el tribunal determina que ella es incapaz de expresarse en relación con el asunto sobre el cual decla-raría, en forma tal que pueda ser entendida —bien por sí misma o mediante intérprete— o que ella es incapaz de comprender la obligación de decir la verdad que tiene una persona testigo. Esta determinación se hará conforme a la Regla 109(a).
Regla 602. Conocimiento personal del testigo
Salvo lo dispuesto en estas reglas sobre opiniones de peritos, una persona testigo sólo podrá declarar sobre ma-teria de la cual tenga conocimiento personal. Si una parte formula objeción, tal conocimiento personal deberá ser de-mostrado antes de que la persona testigo pueda declarar sobre el asunto. El conocimiento personal de la persona testigo sobre la materia o el asunto objeto de su declara-ción podrá ser demostrado por medio de cualquier prueba admisible, incluyendo su propio testimonio. Si la falta de conocimiento personal surge después de presentado el tes-timonio, a petición de parte, el tribunal deberá excluirlo e impartir la instrucción correspondiente al Jurado.
Regla 603. Juramento
Antes de declarar, toda persona testigo expresará su propósito de decir la verdad, lo cual hará prestando jura-mento o de cualquier otro modo solemne, incluso una afir-mación que, a juicio del tribunal, obliga a la persona tes-tigo a decir la verdad y que entiende que está sujeta a perjurio o desacato sumario por perjurio en caso contrario.
*522 Regla 604. Confrontación
Una persona testigo podrá testificar únicamente en pre-sencia de todas las partes en la acción y estará sujeta a ser interrogada por todas ellas, si éstas optan por asistir a la vista e interrogarla.
Regla 605. Jueza o juez como testigo
La jueza o el juez que preside un juicio no podrá decla-rar en ese juicio como testigo. No será necesario objetar para preservar el planteamiento de error en un proceso apelativo.
Regla 606. Jurado como testigo
(a) “Jurado” significa aquí el cuerpo total y “jurado” se refiere a un miembro del cuerpo.
(b) Una persona que haya prestado juramento defini-tivo como jurado no podrá declarar como testigo en el juicio. Si fuera llamada a declarar, la parte contraria podrá objetar en ausencia del Jurado.
(c) De investigarse la validez de un veredicto, una persona que es jurado no podrá testificar sobre cualquier asunto o declaración que haya ocurrido durante las delibe-raciones del Jurado ni sobre aquello que haya influido en su mente o sus emociones, o en las de cualquier otra u otro jurado, para asentir o disentir del veredicto o en los proce-sos mentales del jurado al respecto.
Sin embargo, la persona jurado podrá testificar sobre:
(1) si se trajo indebidamente a su consideración al-guna información peijudicial ajena,
(2) si hubo alguna influencia o presión externa para tratar de influir en alguna o algún jurado o
(3) si hubo un error al anotar el veredicto en el formulario.
Tampoco se recibirá ningún affidávit o prueba de alguna declaración hecha por una persona jurado acerca de asun-tos sobre los cuales a ésta se le impida testificar.
*523 Regla 607. Orden y modo de interrogatorio y pre-sentación de la prueba
(a) La jueza o el juez que preside un juicio o vista ten-drá amplia discreción sobre el modo en que se presenta la prueba y se interroga a las personas testigos, de manera que:
(1) la prueba se presente en la forma más efectiva posible para el esclarecimiento de la verdad, velando por la mayor rapidez de los procedimientos y evitando dilaciones innecesarias,
(2) se proteja el derecho de las personas testigos contra preguntas impropias, humillantes o insultantes, o toda conducta ofensiva, y
(3) se proteja también el derecho de éstas a que no se les detenga más tiempo del que exija el interés de la justicia y a que se les examine únicamente sobre materias pertinentes a la cuestión.
(b) Como regla general, el interrogatorio de las perso-nas testigos se efectuará en el orden siguiente:
(1) Interrogatorio directo: Primer examen de una persona testigo sobre un asunto no comprendido dentro del alcance de un interrogatorio previo de esa persona testigo.
(2) Contrainterrogatorio: Primer examen de una persona testigo por una parte diferente a la que efectuó el interrogatorio directo. El contrainterrogatorio se limitará a la materia objeto del interrogatorio directo y a cuestiones que afecten la credibilidad de testigos. El tribunal puede, sin embargo, en el ejercicio de su discreción, permitir pre-guntas sobre otras materias como si fuera un interrogato-rio directo.
(3) Interrogatorio redirecto: Examen de una persona testigo que, con posterioridad a su contrainterrogato-rio, le hace la parte que le sometió al interrogatorio directo. El interrogatorio redirecto se limitará a la materia objeto del contrainterrogatorio.
*524 (4) Recontrainterrogatorio: Examen de una persona testigo que, con posterioridad al interrogatorio redi-recto de dicha testigo, le hace la parte que le sometió al contrainterrogatorio. El recontrainterrogatorio se limitará a la materia objeto del interrogatorio redirecto.
(c) La persona testigo dará contestaciones responsivas a las preguntas que le sean hechas, y aquellas que no sean responsivas serán eliminadas previa moción de cualquiera de las partes. Una contestación responsiva es una res-puesta directa y concreta a la pregunta efectuada a la persona testigo.
(d) No se podrá hacer una pregunta sugestiva a una persona testigo durante el interrogatorio directo o el redi-recto, excepto cuando sea una pregunta introductoria o una parte llame a una persona testigo hostil. También será excepción cuando se trate de una parte adversa, de una persona testigo identificada con la parte adversa, de una persona que —por su edad, pobre educación u otra condi-ción— sea mentalmente deficiente o tenga dificultad de ex-presión, o de una persona que por pudor esté renuente a expresarse libremente. De igual modo, podrá considerarse excepción cuando los intereses de la justicia así lo requieran. Como norma general, podrán hacerse preguntas sugestivas durante el contrainterrogatorio o recontra-interrogatorio. Una pregunta sugestiva es aquella que su-giere al testigo la contestación que desea la parte que le interroga.
(e) La parte demandante, promovente o el Ministerio Público podrá presentar prueba de refutación luego de fi-nalizada la prueba de la parte demandada, la promovida o la persona acusada para refutar la prueba de cualquiera de éstas. En este turno la parte demandante, promovente o el Ministerio Público no podrá presentar la prueba que debió haber sido sometida durante el desfile inicial de su prueba. Luego de presentada la prueba de refutación, la parte de-mandada, promovida o la persona acusada podrá presen-tar prueba de contrarrefutación.
*525 (f) La jueza o el juez podrá —a iniciativa propia o a petición de una parte— llamar testigos a declarar, lo cual permitirá a todas las partes contrainterrogar a la persona testigo así llamada. La jueza o el juez también podrá, en cualquier caso, interrogar a una persona testigo, sea ésta llamada a declarar por la propia jueza o el juez o por la parte. El examen de la jueza o el juez debe ir dirigido a aclarar las dudas que tenga o para aclarar el récord. En todo momento, la jueza o el juez debe evitar convertirse en abogado o abogada de una de las partes.
(g) A petición de parte, la jueza o el juez excluirá del salón de sesión a las personas testigos que habrán de de-clarar para evitar que éstas escuchen el testimonio de las demás. De igual modo, la jueza o el juez, a iniciativa pro-pia, podrá ordenar esta exclusión. Esta regla, sin embargo, no autoriza la exclusión de las personas testigos siguien-tes:
(1) Una parte que sea persona natural.
(2) Una persona cuya presencia sea indispensable para la presentación de la prueba de una parte y así se haya demostrado previamente al tribunal.
(3) Una persona que sea oficial, funcionaria o em-pleada de una parte que no sea una persona natural y que haya sido designada por la abogada o el abogado de dicha parte como su representante. En procedimientos crimina-les, el tribunal exigirá que la persona representante desig-nada por el Ministerio Público testifique antes de perma-necer en el salón de sesión, si es que el Ministerio Público se propone utilizarla como persona testigo. Una vez testi-fique, no podrá ser llamada a declarar nuevamente, ex-cepto como prueba de refutación. En ningún caso, la repre-sentación del Pueblo recaerá en más de una persona y ésta no podrá sustituirse sin autorización del tribunal.
*526 Regla 608. Credibilidad e impugnación de testigos
(a) Quién puede impugnar
Cualquier parte puede impugnar la credibilidad de una persona testigo, incluso a la que llama a dicha persona testigo a declarar.
(b) Medios de prueba
La credibilidad de una persona testigo podrá impug-narse o sostenerse mediante cualquier prueba pertinente, incluso mediante los aspectos siguientes:
(1) comportamiento de la persona testigo mientras declara y la forma en que lo hace;
(2) naturaleza o carácter del testimonio;
(3) grado de capacidad de la persona testigo para percibir, recordar o comunicar cualquier hecho sobre el cual declara;
(4) declaraciones anteriores de la persona testigo, sujeto a lo dispuesto en la Regla 611;
(5) existencia o inexistencia de cualquier prejuicio, interés u otro motivo de parcialidad por parte de la persona testigo, sujeto a lo dispuesto en la Regla 611;
(6) existencia o inexistencia, falsedad, ambigüedad o imprecisión de un hecho declarado por la persona testigo, sujeto a lo dispuesto en la Regla 403, o
(7) carácter o conducta de la persona testigo en cuanto a veracidad o mendacidad, sujeto a lo dispuesto en las Reglas 609 y 610.
(c) Impugnación y autoincriminación
Una persona testigo no renuncia al privilegio contra la autoincriminación cuando se le interroga sobre una mate-ria que afecta únicamente a cuestiones de credibilidad.
Regla 609. Impugnación mediante carácter y con-ducta específica
(a) Evidencia de carácter en forma de opinión y reputa-ción
La credibilidad de una persona testigo podrá impug- *527 narse o sostenerse mediante evidencia en forma de opinión o reputación de carácter, sujeto a las limitaciones siguien-tes:
(1) la evidencia podrá referirse únicamente al ca-rácter veraz o mendaz de la persona testigo, y
(2) la evidencia sobre el carácter veraz sólo se ad-mitirá después que el carácter veraz de la persona testigo se haya impugnado mediante evidencia en forma de opi-nión o reputación, o de alguna otra manera.
(b) Actos específicos de conducta
No se permitirá prueba extrínseca de actos específicos de conducta de una persona testigo para impugnar o sos-tener su carácter veraz.
En el contrainterrogatorio se podrá inquirir sobre actos específicos de veracidad o mendacidad a discreción del tribunal:
(1) en cuanto al carácter veraz o mendaz de la persona testigo o
(2) en cuanto al carácter veraz o mendaz de otra persona testigo sobre cuyo carácter ésta contrainterrogada ha declarado.
Esta regla no afectará lo dispuesto en la Regla 610 en cuanto a condenas por delito.
(c) El testimonio ofrecido por la persona acusada o por cualquier otra que sea persona testigo, no constituye una renuncia al privilegio contra la autoincriminación cuando se interroga a dicha persona sobre asuntos relacionados con veracidad o mendacidad.
Regla 610. Condena por delito
(a) Con el objetivo de impugnar la credibilidad de una persona testigo que no sea la persona acusada, y sujeto a lo dispuesto en la Regla 403, se admitirá evidencia de que ha sido condenada por delito grave y por delito que, sin impor-tar su clasificación, conlleve falsedad. Esto puede estable-cerse por cualquier prueba admisible bajo estas reglas, lo *528 que incluye el récord público correspondiente y la admisión de la persona testigo cuya credibilidad es impugnada.
(b) Con el objetivo de impugnar la credibilidad de una persona acusada, se admitirá evidencia de que ha sido con-denada por delito grave siempre que, en ausencia del Ju-rado, el tribunal determine que el valor probatorio de esa evidencia, para fines de impugnación, es sustancialmente mayor que su efecto perjudicial indebido. Siempre se admi-tirá, para impugnar la credibilidad de la persona acusada, evidencia de que ha sido condenada por delito que conlleve falsedad. La evidencia de la condena puede establecerse por cualquier evidencia admisible bajo estas reglas, lo que incluye el récord público correspondiente y la admisión de la persona testigo cuya credibilidad es impugnada.
(c) No se admitirá evidencia de condena por delito, para impugnar la credibilidad de una persona testigo, si al mo-mento de la presentación han transcurrido diez años desde la fecha de la comisión de los hechos que dieron base a la sentencia.
(d) No será admitida evidencia de condena por delito bajo esta regla si la condena ha sido objeto de indulto, per-dón, anulación o su equivalente, fundados en una determi-nación de inocencia o rehabilitación.
(e) Para propósitos de esta regla, una adjudicación en un tribunal de menores no será considerada una condena por delito. Sin embargo, en una causa criminal, a discre-ción del tribunal, se puede admitir evidencia de una adju-dicación de falta en un procedimiento de menores cuando se ofrece contra una persona testigo que no sea la persona acusada, siempre que una condena por el delito correspon-diente hubiera sido admisible para impugnar la credibili-dad de una persona adulta y el tribunal considera que la admisión es necesaria para una justa determinación en cuanto a la culpabilidad o no culpabilidad de la persona acusada.
(f) Prueba de una condena por delito se admitirá bajo el *529 inciso (a) de esta regla, aunque dicha condena esté pen-diente en apelación. Podrá presentarse prueba de la pen-dencia de dicha apelación.
(g) Antes de que la persona acusada declare o antes del juicio, podrá solicitar al tribunal que haga una determina-ción sobre la admisibilidad de determinada condena anterior que pudiera ofrecer el Ministerio Público a fines de impugnar su credibilidad. Si la persona acusada opta por no declarar a la luz de la determinación sobre la admisión de las condenas, puede presentar una oferta de prueba so-bre su testimonio en ausencia del Jurado. No obstante, el hecho de que ante la determinación de admisibilidad por el tribunal la persona acusada opte por no declarar, esto no será impedimento para que en caso de una apelación de la sentencia condenatoria la persona acusada señale como error la determinación de admisibilidad bajo esta regla.
Regla 611. Impugnación y evidencia extrínseca
(a) No será necesario mostrar o leer parte alguna de un escrito a una persona testigo al interrogársele para impug-nar su credibilidad mediante lo manifestado en tal escrito. De ser solicitado, el tribunal exigirá que se le indiquen a la persona testigo la fecha y el lugar del escrito y la persona a quien fue dirigido. Si así se solicita, el tribunal ordenará la presentación del escrito para que sea examinado por la abogada o el abogado de la parte contraria.
(b) No se admitirá prueba extrínseca sobre una decla-ración de una persona testigo que resulta incongruente con cualquier parte de su testimonio en el juicio o vista, ni sobre prejuicio, interés o parcialidad con el propósito de impugnar su credibilidad a menos que se le haya dado la oportunidad de admitir, negar o explicar el alegado funda-mento de impugnación. Esto no aplicará cuando circuns-tancias especiales o los intereses de la justicia requieran lo contrario. Este inciso no aplicará a las admisiones con-forme a la Regla 803.
*530 Regla 612. Creencias religiosas
No se admitirá prueba sobre creencias religiosas, o ca-rencia de ellas, para impugnar o sostener la credibilidad de una persona testigo.
Regla 613. Escritos para refrescar la memoria
(a) Sujeto a lo dispuesto en el inciso (c) de esta regla, si durante su testimonio o con anterioridad al mismo, una persona testigo utiliza un escrito para refrescar su memo-ria sobre cualquier asunto objeto de su testimonio, será necesario presentar en la vista dicho escrito a solicitud de cualquier parte adversa. De no presentarse el escrito, se ordenará la eliminación del testimonio de la persona tes-tigo sobre dicho asunto.
(b) Si se presenta dicho escrito en la vista, la parte ad-versa puede inspeccionarlo, contrainterrogar a la persona testigo sobre tal escrito y presentar como prueba cual-quiera de sus partes que sean pertinentes.
(c) Se eximirá la presentación del escrito en el juicio, y el testimonio del testigo no será eliminado, si dicho escrito:
(1) no está en posesión o bajo el control de la persona testigo o de la parte que ofreció su testimonio sobre el particular;
(2) no era razonablemente asequible a dicha parte mediante el uso de las órdenes para la presentación de prueba documental o por cualquier otro medio disponible, y
(3) sólo se utiliza para refrescar la memoria antes de testificar en el juicio y, en su discreción, el tribunal es-tima que es innecesario requerir su presentación.
Regla 614. Intérpretes
Cuando por desconocimiento del idioma español o por cualquier incapacidad por parte de una persona testigo sea necesario el uso de una o un intérprete, ésta o éste cualifi-cará como tal si la jueza o el juez determina que puede *531 entender o interpretar las expresiones de la persona testigo. La persona que actúa como intérprete estará su-jeta a juramento de que hará una interpretación y traduc-ción ñel y exacta de lo declarado por la persona testigo.
CAPÍTULO VII
OPINIONES Y TESTIMONIO PERICIAL
Regla 701. Opiniones o interferencias por testigos no peritos
Si una persona testigo no estuviese declarando como pe-rito, su declaración en forma de opiniones o inferencias se limitará a aquellas que:
(a) estén racionalmente fundadas en la percepción de la persona testigo,
(b) sean de ayuda para una mejor comprensión de su declaración o para la determinación de un hecho en contro-versia, y
(c) no estén basadas en conocimiento científico, técnico o cualquier otro conocimiento especializado dentro del ám-bito de la Regla 702.
Regla 702. Testimonio pericial
Cuando el conocimiento científico, técnico o especiali-zado sea de ayuda para que la juzgadora o el juzgador pueda entender la prueba o determinar un hecho en con-troversia, una persona testigo capacitada como perita —conforme a la Regla 703— podrá testificar en forma de opiniones o de otra manera.
El valor probatorio del testimonio dependerá, entre otros, de:
(a) si el testimonio está basado en hechos o información suficiente;
(b) si el testimonio es el producto de principios y méto-dos confiables;
*532 (c) si la persona testigo aplicó los principios y métodos de manera confiable a los hechos del caso;
(d) si el principio subyacente al testimonio ha sido acep-tado generalmente en la comunidad científica;
(e) las calificaciones o credenciales de la persona tes-tigo, y
(f) la parcialidad de la persona testigo.
La admisibilidad del testimonio pericial será determi-nada por el tribunal en conformidad con los factores enu-merados en la Regla 403.
Regla 703. Calificación como persona perita
(a) Toda persona está calificada para declarar como tes-tigo pericial si posee especial conocimiento, destreza, expe-riencia, adiestramiento o instrucción suficiente para califi-carla como experta o perita en el asunto sobre el cual habrá de prestar testimonio. Si hubiese objeción de parte, dicho especial conocimiento, destreza, adiestramiento o instrucción deberá probarse antes de que la persona tes-tigo pueda declarar como perita.
(b) El especial conocimiento, destreza, experiencia, adiestramiento o instrucción de una persona que es testigo pericial podrá ser probado por cualquier evidencia admisi-ble, incluso su propio testimonio.
(c) La estipulación sobre la calificación de una persona perita no es impedimento para que las partes puedan pre-sentar prueba sobre el valor probatorio del testimonio pericial.
Regla 704. Fundamentos del testimonio pericial
Las opiniones o inferencias de una persona como testigo pericial pueden estar basadas en hechos o datos percibidos por ella o dentro de su conocimiento personal, o informados a ella antes de o durante el juicio o vista. Si se trata de materia de naturaleza tal que las personas expertas en ese campo razonablemente descansan en ella para formar opi- *533 niones o hacer inferencias sobre el asunto en cuestión, los hechos o datos no tienen que ser admisibles en evidencia.
La persona proponente de una opinión o inferencia fun-damentada en hechos o datos que no sean admisibles de otra manera, no revelará al Jurado esos hechos o datos, a menos que el tribunal determine que su valor probatorio para asistir al Jurado en la evaluación del testimonio pe-ricial es sustancialmente mayor que su efecto perjudicial.
Regla 705. Opinión sobre cuestión última
No se objetará la opinión o inferencia de una persona perita por el hecho de que se refiera a la cuestión que fi-nalmente ha de ser decidida por la juzgadora o el juzgador de los hechos.
Regla 706. Revelación de la base para la opinión
La persona perita puede declarar sobre sus opiniones o inferencias y expresar las razones que las fundamentan sin haber declarado antes sobre los hechos o datos en que sus opiniones o inferencias están basadas, salvo que el tribunal lo requiera. En todo caso, se le podrá requerir a la persona perita que revele los hechos o datos en los que basa sus opiniones o inferencias durante el contra-interrogatorio.
Regla 707. Contrainterrogatorio de personas peri-tas
Además de lo dispuesto en la Regla 607, toda persona testigo que declare en calidad de perita podrá ser contra-interrogada siempre sobre sus calificaciones como perita, el asunto objeto de su opinión pericial y los fundamentos de su opinión.
Regla 708. Experimentos
(a) La admisibilidad de prueba del resultado de un ex- *534 perimento será determinada por el tribunal en conformi-dad con los factores enumerados en la Regla 403.
(b) Si el experimento tiene como fin demostrar que cier-tos hechos ocurrieron de determinada manera, la parte que ofrece la evidencia debe persuadir al tribunal de que el experimento se realizó bajo circunstancias sustancial-mente similares a las que existían al momento de ocurrir dichos hechos.
Regla 709. Nombramiento de persona perita por el tribunal
(a) Nombramiento
El tribunal podrá, a iniciativa propia o solicitud de parte, nombrar una o más personas como peritas del tribunal mediante una orden escrita, previa oportunidad a las partes de expresarse sobre la necesidad del nombramiento y sugerir candidatas o candidatos y la aceptación de la persona perita. El tribunal podrá nombrar a cualquier persona como perita estipulada por las partes y a personas peritas de su elección. La orden donde se nombre a la persona perita incluirá su encomienda y compensación. La persona nombrada como perita deberá notificar a las par-tes sus hallazgos, si alguno; podrá ser depuesta por cual-quier parte y podrá ser citada para testificar, por el tribunal o por cualquiera de las partes. La persona nombrada perita estará sujeta a contrainterrogatorio por cualquiera de las partes, incluso por la que le citó.
(b) Compensación
Las personas nombradas como peritas tienen derecho a una compensación razonable por la cantidad que determine el tribunal. En toda acción criminal o procedimiento de menores, la compensación será pagada con fondos del Estado. En las demás acciones civiles, la compensación será pagada por las partes en la proporción y en el mo-mento en que el tribunal lo determine, sujeto a que luego sea recobrada como otras costas.
*535 (c) Divulgación de nombramiento
El tribunal podrá, en el ejercicio de su discreción, previa oportunidad a las partes de expresarse, autorizar la divul-gación al Jurado del hecho de que el tribunal nombró a la persona perita.
(d) Peritas o peritos elegidos por las partes
Esta regla no limita que cualquier parte presente el tes-timonio de peritas o peritos de su propia elección.
CAPÍTULO VIII
PRUEBA DE REFERENCIA
Regla 801. Definiciones
Se adoptan las siguientes definiciones relativas a las pruebas de referencia:
(a) Declaración: Es una aseveración oral o escrita, o una conducta no verbalizada de la persona, si su intención es que se tome como una aseveración.
(b) Declarante: Es la persona que hace una declaración.
(c) Prueba de referencia: Es una declaración que no sea la que la persona declarante hace en el juicio o vista, que se ofrece en evidencia para probar la verdad de lo aseverado.
Regla 802. Declaraciones anteriores
No empece a lo dispuesto en la Regla 801, no se consi-derará prueba de referencia una declaración anterior si la persona declarante testifica en el juicio o vista sujeto a contrainterrogatorio en relación con la declaración anterior, ésta hubiera sido admisible de ser hecha por la persona declarante en el juicio o vista, y:
(a) es incompatible con el testimonio prestado en el jui-cio o vista y fue dada bajo juramento y sujeta a perjurio;
(b) es incompatible con el testimonio prestado en el jui-cio o vista y se presenta con el propósito de refutar una alegación expresa o implícita contra la persona declarante *536 sobre fabricación reciente, influencia o motivación inde-bida, o
(c)identifica a una parte o a otra persona que participó en mi delito o en otro suceso, se hizo en el momento en que el delito o suceso estaba fresco en la memoria de la persona testigo y se ofrece luego de que la persona testigo haya testificado haber hecho la identificación y que ésta refle-jaba fielmente su opinión en aquel momento.
Regla 803. Admisiones
No empece a lo dispuesto en la Regla 801, no se consi-derará prueba de referencia una admisión si se ofrece contra una parte y es:
(a) una declaración que hace la propia parte, ya sea en su carácter personal o en su capacidad representativa;
(b) una declaración que dicha parte, teniendo conoci-miento de su contenido, ha adoptado como suya de forma verbal o por conducta, o ha expresado creer en su veraci-dad;
(c) una declaración hecha por una persona autorizada por dicha parte para hacer expresiones sobre la materia objeto de la declaración;
(d) una declaración hecha por una persona agente o em-pleada de dicha parte, que esté relacionada con un asunto dentro del ámbito de la agencia o empleo y que haya sido hecha durante la vigencia de la relación, o
(e) una declaración de persona que actuó como conspi-radora de la parte hecha en el transcurso de la conspira-ción y para lograr su objetivo.
El contenido de la declaración se tomará en considera-ción, pero no será suficiente por sí solo para establecer la autoridad de la persona declarante bajo el inciso (c), la re-lación de agencia o empleo y su ámbito bajo el inciso (d), ni la existencia de la conspiración y la participación en ésta de la persona declarante y de la parte contra quien se ofrece la declaración bajo el inciso (e).
*537 Regla 804. Regla general de exclusión
Salvo que de otra manera se disponga por ley, no se admitirá prueba de referencia, sino en conformidad con lo dispuesto en este capítulo. Esta regla se denominará Regla de prueba de referencia.
Regla 805. Excepciones a la Regla de Prueba de Re-ferencia aunque la persona declarante esté disponible como testigo
Aun cuando la persona declarante esté disponible como testigo, una declaración no estará sujeta a la regla general de exclusión de prueba de referencia en las circunstancias siguientes:
(a) Declaraciones contemporáneas a la percepción: Una declaración que narra, describe o explica un acto, urna con-dición o un evento percibido por la persona declarante y que haya sido hecha mientras la persona declarante perci-bía dicho acto, condición o evento, o hecha inmediatamente después.
(b) Declaraciones espontáneas por excitación: Una de-claración hecha mientras la persona declarante estaba bajo el estrés de la excitación causada por la percepción de un acto, un evento o una condición si la declaración se re-fiere a dicho acto, evento o condición.
(c) Condición mental, física o emocional: Una declara-ción sobre el entonces existente estado mental, emocional o sensación física de la persona declarante (tales como una declaración sobre intención, plan, motivo, designio, senti-miento mental o emocional, dolor o salud corporal), excepto que se trate de una declaración sobre el recuerdo o la creencia para probar el hecho recordado o creído, a no ser que ello se relacione con la ejecución, revocación, identifi-cación o términos del testamento de la persona declarante.
(d) Declaraciones para fines de diagnóstico o trata-miento médico: Declaraciones hechas para el diagnóstico o tratamiento médico y que describan el historial médico o *538 los síntomas, el dolor o las sensaciones pasadas o presen-tes, o el origen o la naturaleza general de la causa o fuente externa de éstos, en la medida en que sean razonable-mente pertinentes al diagnóstico o al tratamiento.
(e) Escrito de pasada memoria: Un escrito o un expe-diente relativo a algún asunto del cual una persona testigo tuvo conocimiento pleno alguna vez, pero al presente no recuerda lo suficiente para poder testificar sobre ello con cabalidad y precisión, si se ha demostrado que dicho es-crito o expediente lo hizo o lo adoptó la persona testigo cuando el asunto estaba aún fresco en su memoria y refleja correctamente su conocimiento sobre dicho asunto. Si se admite, el escrito o expediente se podrá leer o escuchar como prueba, pero no se recibirá como exhibit a menos que lo ofrezca la parte contraria.
(f) Expedientes de actividades que se realizan con regu-laridad: Un escrito, informe, expediente, memorando o una compilación de datos —en cualquier forma— relativo a actos, sucesos, condiciones, opiniones o diagnósticos que se hayan preparado, en o cerca del momento en que éstos sur-gieron, por una persona que tiene conocimiento de dichos asuntos, o mediante información transmitida por ésta, si dichos expedientes se efectuaron en el curso de una activi-dad de negocios realizada con regularidad y si la prepara-ción de dicho escrito, informe, expediente, memorando o compilación de datos se hizo en el curso regular de dicha actividad de negocio, según lo demuestre el testimonio de su custodio o de alguna otra persona testigo cualificada o según se demuestre mediante una certificación que cumpla con las disposiciones de la Regla 902(k) o con algún esta-tuto que permita dicha certificación, a menos que la fuente de información, el método o las circunstancias de su prepa-ración inspiren falta de confiabilidad. El término negocio, según se utiliza en este inciso, incluye, además de negocio propiamente, una actividad gubernamental y todo tipo de institución, asociación, profesión, ocupación y vocación, con o sin fines de lucro.
*539 (g) Ausencia de entradas en los expedientes que se lleven conforme a las disposiciones del inciso (f)\ Evidencia de que un asunto no se incluyó en los escritos, informes, ex-pedientes, memorandos o compilaciones de datos en cual-quier formato, preparados conforme a las disposiciones del inciso (f), para probar que dicho asunto no ocurrió o no existió, si el asunto es del tipo que requiere que se lleven y conserven regularmente entradas en los escritos, informes, expedientes, memorandos o las compilaciones de datos, a menos que las fuentes de información u otras circunstan-cias inspiren falta de confiabilidad.
(h) Récords Expedientes e informes públicos: Cualquier forma de récords expedientes, informes, declaraciones o compilaciones de datos de oficinas o agencias gubernamen-tales que describan las actividades que se realizan en dicha oficina o agencia, los asuntos observados conforme al deber impuesto por ley de informar sobre dichos asuntos, sin incluir, sin embargo, en los casos criminales, cualquier asunto observado por oficiales de policía y otro personal del orden público, o en casos o procedimientos civiles y en ca-sos criminales contra el Gobierno, las determinaciones de hecho que surjan de una investigación realizada conforme a la autoridad que confiere la ley. El informe se excluirá cuando las fuentes de información u otras circunstancias inspiren falta de confiabilidad.
(i) Expediente de estadística vital: Un escrito como ex-pediente de un nacimiento, una muerte fetal, una muerte o un matrimonio si la ley requería a quien lo hizo presen-tarlo en una oficina pública determinada y si fue hecho y presentado según requerido por ley.
(j) Ausencia de expediente público: Un escrito hecho por la persona que es custodia oficial de los expedientes de una oficina pública, en el que se hace constar que se ha buscado diligentemente y no se ha hallado un expediente determinado, cuando se ofrece para probar la ausencia de dicho expediente en esa oficina.
*540 (k) Expedientes de organizaciones religiosas: Declara-ciones referentes al nacimiento, matrimonio, divorcio, fa-llecimiento, a la filiación, ascendencia, raza, al parentesco —por consanguinidad o afinidad— u otro hecho similar del historial personal o familiar de una persona, que estén contenidas en un expediente, ordinariamente llevado, de una iglesia u otra organización religiosa.
(Z) Certificados de matrimonio, bautismo y otros simila-res: Una declaración de hecho referente al nacimiento, matrimonio, fallecimiento, a la raza, ascendencia, al pa-rentesco —por consanguinidad o afinidad— o a otro hecho similar del historial familiar de una persona, si la declara-ción estuviese contenida en un certificado de quien ofició la ceremonia correspondiente, efectuó un matrimonio o admi-nistró un sacramento. Ello siempre que quien la oficie sea una persona autorizada por ley o por los reglamentos de una organización religiosa para celebrar los actos informa-dos en el certificado, y éste fuera expedido por quien lo hizo en el momento y lugar de la ceremonia o sacramento, o dentro de un tiempo razonable después del mismo.
(m) Expedientes de familia: Declaraciones de hechos sobre el historial personal o familiar, anotadas en biblias familiares, árboles genealógicos, gráficas, o en inscripcio-nes grabadas en anillos, anotaciones en fotos de familia, inscripciones grabadas en urnas, criptas, lápidas u otras similares.
(n) Expedientes oficiales sobre propiedad: El expe-diente oficial de un documento que afecte un derecho o interés en propiedad, mueble o inmueble, para demostrar el contenido del documento original y su otorgamiento, in-cluso la entrega por cada persona que aparece otorgándolo, siempre que el registro fuera un expediente oficial de una oficina gubernamental y estuviese autorizado por ley su registro en dicha oficina.
(ñ) Declaraciones en documentos que afecten intereses en propiedad: Una declaración contenida en un docu- *541 mentó cuyo propósito haya sido establecer o afectar un in-terés en propiedad, si lo declarado es pertinente al propó-sito del documento, a menos que las transacciones efectua-das en relación con la propiedad desde que se hizo el documento hayan sido incompatibles con la veracidad de la declaración o con el propósito del documento.
(o) Declaraciones en documentos antiguos: Declaracio-nes contenidas en un documento que tenga veinte años o más y cuya autenticidad se haya establecido.
(p) Listas comerciales y otras similares: Una declara-ción —que no sea una opinión— contenida en una tabula-ción, una lista, un directorio, un registro u otra compila-ción publicada si se utilizan generalmente en el curso de una actividad de negocios, según se define en el inciso (f) de esta regla y si se consideran confiables y precisos.
(q) Tratados: Declaraciones contenidas en un tratado, una revista o un folleto, u otra publicación similar, sobre un tema histórico, médico, científico, técnico o artístico siempre que se establezca, mediante conocimiento judicial o testimonio pericial, que la publicación constituye una au-toridad confiable sobre el asunto. En la medida que se ha-yan traído a la atención de una persona perita durante el contrainterrogatorio o que el testimonio de la persona pe-rita se haya basado en éstas durante el interrogatorio directo, de ser admitidas, las declaraciones podrán leerse como prueba, pero no se recibirán como exhibit.
(r) Reputación sobre historial personal o familiar: Evi-dencia de reputación entre los miembros de la familia a la que pertenece una persona —ya sea por consanguinidad, adopción o matrimonio— o entre los asociados de la persona, o en la comunidad, en cuanto a su nacimiento, adop-ción, matrimonio, divorcio, muerte, legitimidad, o a su pa-rentesco por consanguinidad, adopción, matrimonio, ascendencia, o cualquier otro dato similar del historial personal o familiar de esa persona.
(s) Reputación sobre colindancias o historial general: Evidencia de reputación en la comunidad —que haya sur- *542 gido antes de la controversia— en cuanto a colindancias de terrenos o a costumbres que afecten los terrenos en la co-munidad, y evidencia de reputación en cuanto a hechos históricos generales que sean importantes para la comuni-dad, el estado o la nación de que se trate.
(t) Reputación sobre carácter: Evidencia de reputación en la comunidad en que reside una persona o entre un grupo con el cual la persona se asocia, sobre el carácter o un rasgo particular del carácter de ésta.
(u) Sentencia por condena previa: Evidencia de una sentencia final, tras un juicio o declaración de culpabili-dad, en la que se declara culpable de delito a una persona y que conlleve una pena de reclusión mayor de seis meses, si dicha evidencia es ofrecida para probar cualquier hecho esencial para fundamentar la sentencia. La pendencia de una apelación no afectará la admisibilidad bajo esta regla, aunque podrá traerse a la consideración del tribunal el he-cho de que la sentencia aún no es firme. Esta regla no permite al Ministerio Público en una acción criminal ofre-cer en evidencia la sentencia por condena previa de una persona que no sea la persona acusada, salvo para fines de impugnación de una persona testigo.
Regla 806. No disponibilidad de la persona testigo
(a) Definición: No disponible como testigo incluye si-tuaciones en que la persona declarante:
(1) está exenta de testificar por una determinación del tribunal por razón de un privilegio reconocido en estas reglas en relación con el asunto u objeto de su declaración;
(2) insiste en no testificar en relación con el asunto u objeto de su declaración a pesar de una orden del tribunal para que lo haga;
(3) testifica que no puede recordar sobre el asunto u objeto de su declaración;
(4) al momento del juicio o vista ha fallecido o está imposibilitada de comparecer a testificar por razón de en-fermedad o impedimento mental o físico, o
*543 (5) está ausente de la vista y quien propone la de-claración ha desplegado diligencia para conseguir su com-parecencia mediante citación del tribunal.
No se entenderá que una persona declarante está no disponible como testigo si ello ha sido motivado por la ges-tión o conducta de quien propone la declaración con el pro-pósito de evitar que la persona declarante comparezca o testifique.
(b) Cuando la persona declarante no está disponible como testigo, se admitirá como excepción a la regla general de exclusión de prueba de referencia lo siguiente:
(1) Testimonio anterior
Testimonio dado como testigo en otra vista del mismo u otro procedimiento, en una deposición tomada conforme a Derecho durante el mismo u otro procedi-miento. Ello si la parte contra quien se ofrece ahora el testimonio —o un predecesor en interés si se trata de una acción o procedimiento civil— tuvo la oportunidad y el mo-tivo similar para desarrollar el testimonio en interrogato-rio directo, contrainterrogatorio o en redirecto.
(2) Declaración en peligro de muerte
Una declaración hecha por una persona declarante mientras creía estar en peligro de muerte inminente si la declaración se relaciona con la causa o las circunstancias de lo que creyó era su muerte inminente.
(3) Declaraciones contra interés
Una declaración que al momento de hacerse era tan contraria al interés pecuniario o propietario de la persona declarante, le sometía a riesgo de responsabilidad civil o criminal, tendía de tal modo a desvirtuar una reclamación suya contra otra persona o creaba tal riesgo de convertirla en objeto de odio, ridículo o desgracia social en la comuni-dad, que una persona razonable en su situación no hubiera hecho la declaración a menos que la creyera cierta.
(4) Declaraciones sobre historial personal o familiar
(i) Una declaración sobre el nacimiento, la *544 adopción, el matrimonio, el divorcio, la filiación, el paren-tesco por consanguinidad o afinidad, la raza, el linaje u otro hecho similar de historial familiar o personal de la misma persona declarante, aunque ésta no tuviera medios de adquirir conocimiento personal del asunto declarado.
(ii) Una declaración sobre la materia señalada en el subinciso (i) y de otra persona, incluso la muerte de ésta si dicha persona está relacionada con la persona de-clarante por parentesco de consanguinidad, afinidad o adopción, o existe una relación tal entre la persona decla-rante y la familia de la otra persona que hiciera probable que dicha persona declarante tuviera información precisa referente al asunto declarado.
(5) Confiscación por conducta indebida
Una declaración ofrecida contra una parte contra quien se haya demostrado, mediante prueba clara, robusta y convincente, que participó o consintió a una conducta indebida con la intención de producir la no disponibilidad de la persona declarante como testigo en la vista o juicio.
Regla 807. Prueba de referencia múltiple
La prueba de referencia que contenga otra prueba de referencia no estará sujeta a la regla general de exclusión si cada parte de las declaraciones combinadas satisface al-guna excepción a dicha regla.
Regla 808. Credibilidad de las persona declarante
Cuando se admite una declaración que constituya prueba de referencia bajo las Reglas 805 a 809, la credibi-lidad de la persona declarante puede ser impugnada —y si es impugnada, puede ser rehabilitada— por cualquier evi-dencia admisible para esos propósitos si la persona decla-rante hubiera prestado testimonio como testigo. Los requi-sitos para la impugnación por declaraciones anteriores y parcialidad dispuestos en las Reglas 608(b)(4) y 611 no aplicarán a la impugnación de la persona declarante bajo *545 esta regla. Si la parte contra la cual se ha admitido prueba de referencia llama como testigo a la persona declarante de esa prueba, dicha persona declarante queda sujeta a ser examinada por la parte como si estuviera bajo contrainterrogatorio.
Regla 809. Cláusula residual
Una declaración no expresamente comprendida en las Reglas 805 a 806 pero que contenga garantías circunstan-ciales de confiabilidad comparables, no estará sujeta a la regla general de exclusión de prueba de referencia si el tribunal determina que:
(a) la declaración tiene mayor valor probatorio, para el propósito para el cual se ofrece, que cualquier otra prueba que la persona proponente hubiera podido conseguir de ha-ber desplegado diligencia razonable, y
(b) la persona proponente notificó con razonable ante-rioridad a la parte contra quien la ofrece su intención de presentar tal declaración, para informarle sobre las cir-cunstancias particulares de ésta, incluso el nombre y la dirección de la persona declarante.
CAPÍTULO IX
AUTENTICACIÓN E IDENTIFICACIÓN
Regla 901. Requisito de autenticación o identifica-ción
(a) El requisito de autenticación o identificación como una condición previa a la admisibilidad se satisface con la presentación de evidencia suficiente para sostener una de-terminación de que la materia en cuestión es lo que la persona proponente sostiene.
(b) En conformidad con los requisitos del inciso (a) de esta regla y sin que se interprete como una limitación, son ejemplos de autenticación o identificación los siguientes:
*546 (1) Testimonio por testigo con conocimiento
Testimonio de que una cosa es lo que se alega es.
(2) Autenticidad mediante evidencia de la letra
Un escrito podrá autenticarse mediante evidencia de que la letra de la autora o del autor es genuina. Una persona testigo no perita podrá expresar su opinión sobre si un escrito es del puño y la letra de la persona que es la presunta autora a base de su familiaridad con la letra de la persona que es presunta autora, si dicha familiaridad no se adquirió con miras al pleito. La autenticidad podrá demos-trarse también mediante la comparación o el cotejo que haga la juzgadora o el juzgador de los hechos o una persona testigo perita del escrito en controversia con otro es-crito autenticado.
(3) Identificación de voz
La voz de una persona podrá identificarse, ya sea escuchada directamente o a través de una grabación u otro medio mecánico, electrónico o digital, o por una opinión formada a base de haberse escuchado dicha voz en alguna ocasión bajo circunstancias que la vinculan con la voz de la referida persona.
(4) Conversaciones telefónicas
Podrán autenticarse o identificarse conversaciones tele-fónicas mediante evidencia de que se hizo una llamada al número asignado en ese momento por la compañía telefó-nica a una persona o negocio en particular, cuando:
(A) En el caso de una persona, las circunstan-cias, incluso autoidentificación, demuestran que la persona que contestó fue a la que se llamó.
(B) En el caso de un negocio, la llamada fue hecha a un establecimiento comercial y la conversación fue en relación con un negocio razonablemente susceptible de ser discutido por teléfono.
(5) Escritos antiguos o compilación de datos
Cuando se determina que un escrito o una compila-ción de datos tiene por lo menos veinte años a la fecha en *547 que se ofrece y que generalmente es tratado y respetado como auténtico por personas interesadas en conocer su au-tenticidad, y que al ser descubierto se hallaba en un sitio en que probablemente se hallaría de ser auténtico, el es-crito o la compilación de datos quedará suficientemente autenticado, salvo que esté en condiciones tales que cree serias dudas sobre autenticidad.
(6) Escritos en contestación
Un escrito podrá autenticarse con evidencia de que fue recibido en contestación a una comunicación enviada a la persona que la parte que presenta la evidencia alega es el autor del escrito.
(7) Contenido de escritos
Un escrito podrá autenticarse con evidencia de que se refiere a, o contiene, asuntos que no es probable sean conocidos por otra persona que no sea la que la parte que presenta la evidencia alega es el autor del asunto.
(8) Autenticación mediante admisión
Un escrito, u otro material, puede ser autenticado mediante evidencia de que la parte contra quien se ofrece admitió su autenticidad en cualquier momento, o mediante evidencia de que ha sido aceptado como auténtico por la parte contra la cual se ofrece.
(9) Testamento
Un testamento hecho en Puerto Rico se autenticará de acuerdo con lo dispuesto en las leyes aplicables.
(10) Características distintivas
Apariencia, contenido, sustancia, patrones internos o cualquier otra característica distintiva, considerada en conjunto con las circunstancias.
(11) Cadena de custodia
La evidencia demostrativa real puede ser autenti-cada mediante su cadena de custodia.
(12) Proceso o sistema
Evidencia que describa el proceso o sistema utili- *548 zado para obtener un resultado y que demuestre que el proceso o sistema produce resultados certeros.
(13) Expediente electrónico
Un expediente electrónico podrá autenticarse me-diante evidencia de la integridad del sistema en el cual o por el cual los datos fueron grabados o almacenados. La integridad del sistema se demuestra a través de evidencia que sustente la determinación que en todo momento perti-nente el sistema de computadoras o dispositivo similar es-taba operando correctamente o, en caso contrario, el hecho de que su operación incorrecta no afectó la integridad del expediente electrónico.
(14) Correo electrónico
Un correo electrónico podrá autenticarse mediante evidencia de la integridad del sistema en el cual o por el cual fue creado, enviado o recibido.
(15) Métodos provistos por ley o reglamento
Cualquier método de autenticación o identificación provisto por legislación especial o reglamentación aplicable.
Regla 902. Autenticación prima facie
No se requerirá evidencia extrínseca de autenticación como condición previa a la admisibilidad de:
(a) Documentos reconocidos
Documentos acompañados de un certificado de reconoci-miento o de prueba, si el certificado cumple con los requi-sitos pertinentes en ley relativos a certificaciones, particu-larmente con las disposiciones sobre derecho notarial.
(b) Documentos públicos bajo sello oficial
Documentos bajo un sello si éste aparenta ser el sello oficial de:
(1) el Estado Libre Asociado de Puerto Rico,
(2) Estados Unidos de América,
(3) un estado, territorio o posesión de Estados Uni-dos de América, o
*549 (4) un departamento, agencia pública, corporación pública o funcionario de cualquiera de las entidades enu-meradas en los subincisos (1), (2) y (3) anteriores.
Dichos documentos deben estar firmados por la persona que aparenta ser la que los otorga.
(c) Documentos públicos firmados por funcionarios
Documentos —aunque no estén bajo sello— presunta-mente firmados en su capacidad oficial por una persona que es funcionaría de cualquiera de las entidades enume-radas en los subincisos (1), (2) y (3) del inciso (b) de esta regla, siempre que tales documentos sean acompañados por una certificación bajo sello expedida por la persona que, en calidad de funcionaría competente, da fe de que la firma es genuina y de que es la funcionaría con capacidad oficial para firmar los documentos.
(d) Documentos públicos extranjeros
Documentos presuntamente otorgados o firmados en su capacidad oficial por una persona autorizada por las leyes de un país extranjero para su otorgamiento. Estos deberán estar acompañados de una certificación final sobre la au-tenticidad de la firma y el cargo oficial de la persona que lo otorga o certifica, o de cualquier persona funcionaría cuyo certificado de autenticidad y el cargo oficial trata el otor-gamiento o la certificación. El documento puede también ser parte de una cadena de certificados de autenticidad de la firma y el puesto oficial relacionados con el otorgamiento o la certificación por autoridad competente en cumpli-miento con lo establecido en el Tratado de la Convención de la Haya de 5 de octubre de 1961.
Si le hubiese sido concedida a todas las partes una opor-tunidad razonable para investigar la autenticidad y exac-titud de los documentos oficiales, el tribunal podrá, si se muestra justa causa, ordenar que sean tratados como pre-suntamente auténticos sin la certificación final o permitir que sean probados mediante un resumen certificado, aun-que sin la certificación final.
*550 (e) Copias certificadas de expedientes y documentos pú-blicos
Copias de un expediente oficial, o parte de éste, o de un documento archivado en una oficina pública conforme a disposición de ley o reglamento público, incluso la compila-ción de datos en cualquier formato, si están certificadas como correctas por la persona a cargo de su custodia o por la persona autorizada en ley para expedir este tipo de cer-tificación, siempre que la certificación cumpla con los re-quisitos establecidos en los incisos (b), (c) o (d) de esta re-gla, o con cualquier ley o reglamento público pertinente.
(f) Publicaciones oficiales
Libros, folletos u otras publicaciones presuntamente emitidas por autoridad pública.
(g) Periódicos o revistas
Material impreso que presuntamente sean periódicos o revistas.
(h) Etiquetas comerciales
Inscripciones, marbetes, etiquetas u otros documentos análogos presuntamente fijados en el curso de los negocios y que indican propiedad, control y origen.
(i) Papeles comerciales y documentos relacionados
Papeles comerciales, las firmas estampadas en éstos y los documentos relacionados, conforme lo dispone el dere-cho comercial general.
(j) Presunciones según las leyes del Congreso de Estados Unidos de América o de la Asamblea Legislativa del Estado Libre Asociado de Puerto Rico
Cualquier firma, documento u otra materia que, me-diante una ley del Congreso o de la Asamblea Legislativa del Estado Libre Asociado de Puerto Rico, se declare pre-suntamente genuino o auténtico prima facie.
(k) Expedientes certificados de actividades que se reali-zan con regularidad
El original o un duplicado de un expediente de activida-des que se realizan con regularidad dentro de la jurisdic- *551 ción del Estado Libre Asociado de Puerto Rico y Estados Unidos de América, el cual se admitiría conforme a la Re-gla 803(f) si se acompaña de una declaración jurada de la persona a cargo de su custodia o de alguna otra persona cualificada, que certifique que dicho expediente:
(1) se preparó en o cerca del momento en que ocu-rrieron los sucesos o las actividades mencionadas por una persona que tiene conocimiento de dichos asuntos, o me-diante información transmitida por ésta;
(2) se llevó a cabo en el curso de la actividad reali-zada con regularidad, y
(3) se preparó como una práctica regular de dicha actividad.
La parte que se proponga someter un expediente como evidencia, conforme a lo dispuesto en este inciso, tendrá que notificar por escrito su intención a todas las partes contrarias. Además, tendrá que tener el expediente y la declaración jurada disponibles para inspección con sufi-ciente antelación a su presentación como evidencia, a fin de brindar a la parte contraria una oportunidad justa para refutarlos.
(Z) Expediente electrónico
Se presumirá la integridad del expediente si:
(1) se establece mediante declaración jurada que fue grabado o almacenado por una parte adversa a la que lo propone, o
(2) se establece mediante declaración jurada que fue grabado o almacenado en el curso usual y ordinario de negocios por una persona que no es parte en los procedi-mientos y quien no lo ha grabado o almacenado bajo el control de la que lo propone.
Regla 903. Testigos instrumentales
(a) A menos que un estatuto disponga lo contrario, el testimonio de una persona que haya actuado como testigo instrumental no se requerirá para autenticar un escrito.
*552 (b)Si el testimonio de una persona que haya actuado como testigo instrumental se requiere por estatuto para autenticar un escrito y esa persona niega o no recuerda el otorgamiento del escrito, éste puede ser autenticado me-diante otra evidencia.
CAPÍTULO X
CONTENIDO DE ESCRITOS, GRABACIONES Y FOTOGRAFÍAS
Regla 1001. Definiciones
Para propósitos de este capítulo, los siguientes términos tendrán el significado que a continuación se indica:
(a) Escritos o grabaciones: Consiste en letras, palabras, números, sonidos o sus equivalentes, por medio de escri-tura manual, maquinilla, en computadora, grabación me-cánica o electrónica, micrografía, microfilmación, impre-sión, fotocopia, fotografía o impulso magnético, u otra forma de compilación de datos.
(b) Fotografías: Incluye la reproducción mediante foto-grafías, películas de rayos X, películas cinematográficas, videomagnetofónicas, digitales u otras técnicas de repro-ducción de imágenes.
(c) Original: Original de un escrito o grabación es el escrito o la grabación misma o cualquier contraparte de éstos, siempre que la intención de la persona que los eje-cuta o emita sea que éstos tengan el mismo efecto que aquéllos. El original de una fotografía incluye su negativo o archivo digital, y cualquier ejemplar positivo obtenido de éste. Es también un original el impreso legible que refleja con precisión la información que haya sido almacenada, acumulada o producida en computadora o en un artefacto similar.
(d) Duplicado: Copia o imagen producida por la misma impresión que el original, por la misma matriz, por medio de fotografía, incluso ampliaciones y miniaturas, por re- *553 grabaciones mecánicas, electrónicas o digitales, por repro-ducciones químicas, digitales o por otras técnicas equiva-lentes que reproduzcan adecuadamente el original.
Regla 1002. Regla sobre el contenido de un escrito, grabación o fotografía
Para probar el contenido de un escrito, una grabación o una fotografía se requiere la presentación del original de éstos.
Regla 1003. Duplicados
Un duplicado es tan admisible como el original a no ser que surja una genuina controversia sobre la autenticidad del original o que, bajo las circunstancias del caso, sea in-justo admitir el duplicado en lugar del original.
Regla 1004. Regla de evidencia secundaria
Se admitirá otra evidencia del contenido de un escrito, una grabación o una fotografía que no sea el original mismo cuando:
(a) El original y el duplicado, si existieran, se han ex-traviado o destruido, a menos que quien lo propone los haya perdido o destruido de mala fe.
(b) El original y el duplicado, si existieran, no pudieron obtenerse por ningún procedimiento judicial disponible ni de ninguna otra manera.
(c) El original está en poder de la parte contra quien se ofrece y ésta no lo produce en la vista a pesar de haber sido previamente advertida de que se necesitaría producirlo en la vista.
(d) El original no está íntimamente relacionado con las controversias esenciales y resultare inconveniente requerir su presentación.
Regla 1005. Expedientes y documentos públicos
El contenido de un expediente público, u otro documento *554 bajo la custodia de una entidad u oficina pública, o un do-cumento unido al Protocolo de una notaría o un notario, puede ser probado mediante copia certificada del original expedida por una funcionaría o un funcionario autorizado o mediante copia declarada como correcta o fiel por una persona testigo que la haya comparado con el original. Si ello no es posible, a pesar del ejercicio de diligencias razonables por parte de la persona proponente, se admitirá otra evi-dencia secundaria del contenido del original.
Regla 1006. Originales voluminosos
El contenido de escritos, grabaciones o fotografías, que por su gran volumen o tamaño no pueden examinarse con-venientemente en el tribunal, podrá ser presentado me-diante esquemas, resúmenes o cómputos, o cualquier otra evidencia similar. Los originales o duplicados, así como los resúmenes o la evidencia similar, deben ponerse a la dis-posición de las otras partes para ser examinados o copia-dos, en tiempo y lugar razonables.
El tribunal podrá ordenar que se produzcan los origina-les o duplicados.
Regla 1007. Testimonio o adimisión de parte
El contenido de escritos, grabaciones o fotografías puede probarse por el testimonio o deposición de la parte contra quien se ofrece o por su admisión escrita, sin necesidad de producir el original.
Regla 1008. Funciones de la jueza o el juez y el Ju-rado
Cuando la admisibilidad de evidencia secundaria del contenido de un escrito, una grabación o una fotografía de-penda de que se satisfaga una condición de hecho, la deter-minación de si fue satisfecha tal condición la hará el tribunal bajo la Regla 109(a). Sin embargo, será la juzgadora o el juzgador de hechos quien resolverá lo relativo a:
*555 (a) si el escrito, la grabación o la fotografía existió o no, cuando está en controversia su existencia;
(b) si otro escrito, otra grabación u otra fotografía pro-ducida en el juicio es el original, o
(c) si otra evidencia del contenido lo refleja correcta-mente.
CAPÍTULO XI
EVIDENCIA DEMOSTRATIVA
Regla 1101. Objetos perceptibles a los sentidos
Siempre que un objeto perceptible a los sentidos resul-tase pertinente en conformidad a lo dispuesto en la Regla 401, dicho objeto, previa identificación o autenticación, se admitirá como prueba, sujeto ello a la discreción del tribunal en conformidad con los factores o criterios establecidos en la Regla 403.
Regla 1102. Inspecciones oculares
La inspección ocular es un medio de prueba que el tribunal puede admitir cuando lo permita la ley o conforme a su poder inherente para recibir las pruebas y hacer justicia. En toda inspección ocular el tribunal levantará un acta detallada del trámite y los hechos observados que for-mará parte de los autos con el valor probatorio que corres-ponda luego de presentada toda la prueba. El tribunal puede denegar una inspección ocular a base de los factores señalados en la Regla 403.
CAPÍTULO XII
VIGENCIA Y DEROGACIÓN
Regla 1201. Vigencia
Estas reglas comenzarán a regir ciento ochenta días después de su aprobación por la Asamblea Legislativa o transcurrido el término dispuesto en el Artículo V, Sección *556 6, de la Constitución del Estado Libre Asociado de Puerto Rico. Las reglas se aplicarán a todos los juicios, los proce-dimientos o las acciones iniciadas en o después de esa fecha. A esos fines, se entenderá que un juicio comienza con la prestación de juramento del primer testigo o cuando se admite en evidencia el primer exhibit. Si se decreta un nuevo juicio y éste comienza en o después de la vigencia de las reglas, éstas se aplicarán en dicho juicio sin importar cuándo comenzaron los procedimientos originales.
Regla 1202. Derogación y vigencia provisional
(a) Derogación
Quedan derogadas las Reglas de Evidencia de Puerto Rico en vigor desde el 1 de octubre de 1979 y el Artículo 527 del Código de Enjuiciamiento Civil de 1933.
(b) Vigencia provisional
Quedarán provisionalmente vigentes los siguientes ar-tículos del Código de Enjuiciamiento Civil de 1933: 392, 394, 409, 421, 426, 429, 528, 529, 530 y 531, y los incisos (C) y (D) de la Regla 82 de Evidencia de 1979 hasta tanto sean modificados, derogados o reubicados por leyes especiales.